UNITED STATES

v.

Senior Airman Benjamin COOPER, III,
FR 160–46–0394 United States
Air Force.

ACM S25185.

U. S. Air Force Court of Military Review.

Sentence Adjudged 5 Feb. 1981.

Decided 10 July 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before ARROWOOD, MAHONEY and MILLER, Appellate Military Judges.

## DECISION

ARROWOOD, Senior Judge:

Evidence of the accused's specific trait of good military character is not pertinent to a charge of possession of marijuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C.A. § 934.

After being informed that a military working dog trained to detect drugs had alerted on his car, the accused signed a consent for the car to be searched. The search yielded some 260 grams of marijuana which the accused claims was placed in the car without his knowledge. To bolster accused's testimony the defense counsel sought to present testimony concerning the accused's good military character under Military Rules of Evidence, 404(a)(1). On objection of trial counsel, the military judge ruled the evidence was not relevant to the offense charged and refused to admit it. MRE 404, states in part:

(a) *Character evidence generally.* Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

(1) *Character of the accused.* Evidence of a pertinent trait of character of the accused offered by an accused,

or by the prosecution to rebut the same.

The analysis of this rule states:

Rule 404(a)(1) allows only evidence of a pertinent trait of character of the accused to be offered in evidence by the defense. This is a significant change from § 138*f* of the present Manual which also allows evidence of "general good character" of the accused to be received in order to demonstrate that the accused is less likely to have committed a criminal act. Under the new rule, evidence of general good character is inadmissible because only evidence of a specific trait is acceptable. It is the intention of the Committee, however, to allow the defense to introduce evidence of good military character when the specific trait is pertinent. Evidence of good military character would be admissible, for example, in a prosecution for disobedience of orders.

Manual for Courts-Martial, 1969 (Rev.), A18–11.

Under the new rules, when a specific trait of character of an accused is offered into evidence it is being used circumstantially to show that a person of such character is unlikely to have committed such an act. WEINSTEIN'S EVIDENCE, § 404 [05], (1979).

In order to find an accused's good military character admissible during the findings portion of a trial, we believe there must be some direct connection between that specific character trait and the offense charged. This connection is made when the accused is charged with an offense which is exclusively military in nature, because individuals with good military character are unlikely to commit such offenses. Offenses such as desertion and absence without leave are examples of offenses where evidence of good military character would be of probative value. *United States v. Lee*, 15 C.M.R. 495 (1954).

The Committee's example, disobedience of an order, seeks to make it clear that individuals with good military character are unlikely to violate an order. We would agree with this position in most cases, but foresee there could be other offenses of disobeying an order with no real military significance. For example, speeding, the violation of a traffic regulation, would normally have no real military significance and the fact that an individual had good military character would not make him any less likely to have been speeding than anyone else. At the other end of the spectrum, however, we believe that good military character would play a direct part in determining whether an individual willfully disobeyed the order of his commander to prepare for inspection.

Defense counsel in this case argue that offenses charged under Article 134, Code, *supra*, as conduct to the prejudice of good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces should permit the accused to introduce evidence of his good military character. Like the example given by the Committee, we find the defense counsel's claim to be too broad. While offenses which are exclusively military could be charged under Article 134, Code, *supra*, we fail to see how simply charging a member under the Article would be sufficient to make the trait pertinent. We believe that the trial judge must look to the military nature of the charged misconduct before determining if the accused's good military character is pertinent to the determination of guilt or innocence.

The offense of possessing marijuana as charged in this case is not an exclusively military offense. It is punishable under both civilian and military law. We see nothing that would indicate that had the accused had a good military character as opposed to good general character, he would have been less likely to have committed this offense. Therefore, we find that the trait was not pertinent to the offense and that the military judge's exclusion of the evidence was correct.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

MAHONEY and MILLER, Judges, concur.