**UNITED STATES**

v.

**Captain Graham S. F. BELZ, 225–72–4513 FV United States Air Force.**

**ACM 23460.**

U. S. Air Force Court of Military Review.

16 Aug. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel James P. Porter, Colonel Kenneth R. Rengert, Major George D. Cato and Lieutenant Colonel William H. Seckinger, USAFR.

Before KASTL, HEMINGWAY and RAICHLE, Appellate Military Judges.

## DECISION

PER CURIAM:

Contrary to his pleas, the accused was convicted of wrongful use of marijuana in the presence of enlisted members, wrongful sale of marijuana, wrongful possession of marijuana with intent to distribute and false swearing, all in violation of Article 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 933. The sentence, as approved, provides for dismissal from the service, confinement at hard labor for three months, and forfeiture of $950.00 per month for three months.

■ In a single assignment of error, the accused contends he was erroneously denied the opportunity to introduce his officer effectiveness reports as evidence on the merits. He argues that violation of Article 133, U.C.M.J., is a military offense and therefore evidence of good military character is admissible under Mil. R. Evid. 404(a)(1). We disagree.

■ Since there is no civilian equivalent to the offense of conduct unbecoming an officer and a gentleman, we conclude that offenses charged under Article 133, U.C. M.J., are military in nature. *Parker v. Levy,* 417 U.S. 733, 749, 94 S.Ct. 2547, 2558, 41 L.Ed.2d 439 (1974).

Although charged under Article 133, U.C. M.J., the gravamen of the offenses before us is drug abuse and false swearing. We do not believe that the mere charging of offenses under Article 133 places an accused's good military character into issue.

■ The argument of the accused assumes that once a determination has been made that an offense is of a military nature, evidence of good military character

may be introduced by an accused under Mil. R. Evid. 404(a)(1). Such a position ignores the plain language of the cited rule which provides an exception to the general exclusion of character evidence. "Evidence of a *pertinent* trait of the character of the accused offered by an accused . . . ." is admissible to prove he acted in conformity with that trait on a particular occasion. Mil. R. Evid. 404(a)(1) (emphasis added). Obviously the character trait sought to be introduced must be pertinent to the offense charged. To be pertinent to the offense charged, the character trait must demonstrate the accused would have been less likely to commit the offense charged. *United States v. Cooper,* 11 M.J. 815 (A.F.C. M.R. 1981). Evidence of good military character does not establish that an accused is less likely to commit false swearing and drug offenses.

■ As we said in *United States v. Cooper,* 11 M.J. at 816, "the trial judge must look to the military nature of the charged misconduct before determining if the accused's good military character is pertinent to the determination of guilt or innocence." We find the military judge's determination proper in this case.

Accordingly, the findings of guilty and sentence are

AFFIRMED.