**UNITED STATES**

v.

James J. HAMMEKE, Jr., 573 17 0890, Machinist's Mate Second Class (E–5), U.S. Navy.

NMCM 82 2494.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 28 Dec. 1981.

Decided 16 Dec. 1982.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LT Ann D. Carroll, JAGC, USNR, Appellate Defense Counsel.

LCDR Craig A. Biegel, JAGC, USNR, Appellate Government Counsel.

Before GORMLEY, MAY and CASSEL, JJ.

CASSEL, Judge:

Appellant was tried at a special court-martial, consisting of military judge alone, for two specifications of desertion in violation of Article 85, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 885 and one specification of failure to obey technical arrest orders in violation of Article 92, UCMJ, 10 U.S.C. § 892. The absences involved were from 29 January 1979 until apprehension on 9 July 1979 and from 13 July 1979 to 21 October 1981. The operative facts underlying the order violation coincided with the commencement of the second period of absence. Appellant pled guilty only to an unauthorized absence for the second period, as well as the order violation.

The military judge found him guilty of both specifications of desertion, as well as the order violation. The sentence adjudged was a bad-conduct discharge, confinement at hard labor for 110 days, forfeiture of $250.00 pay per month for 6 months and reduction to E–1. The convening authority approved the sentence, but suspended the confinement in excess of 95 days for 1 year.

The Government's case consisted of three documents: (1) a page 601–6R from the service record book which indicated appellant was an unauthorized absentee from the USS ENTERPRISE (CVN–65) from 29 January 1979 until apprehended on 9 July 1979 by civil authorities, released to military authorities at Treasure Island Naval Station, California, and issued technical arrest orders to report to the USS ENTERPRISE not later than 24 July 1979; (2) a page 13 entry from the service record book confirming the delivery of the appellant to Naval Support Activity, Treasure Island, and the issuance and acknowledgment of technical arrest orders; and, (3) a copy of the technical arrest orders which indicated that if the ship was not in port, to report to the Commanding Officer, Naval Station, Bremerton, Washington. The Government then rested.

The appellant testified and emphatically denied ever having the intention to remain permanently away from the ship or the Navy during either period of absence. He contended he had problems with his immediate superiors on board ship and so he left, but testified that he knew he would have to go back and face them. His wife testified and supported his statements. Both he and his wife were vigorously cross-examined. The defense then attempted to introduce nine documents from the service record book of the accused as Defense Exhibits A thru I. The documents were treated as a group rather than individually. The trial counsel objected to the introduction of the documents because there was no showing of pertinency under Rule 404(a), Military Rules of Evidence, stating: "I do not see how evidence of the accused's prior good service shows anything about his intent to remain permanently away and would ask that you exclude it as irrelevant." The military judge sustained the objection and refused to admit the documents. The defense rested. There was no rebuttal. The military judge then found the appellant guilty as charged. The documents were admitted without objection during the pre-sentencing phase of the trial and so are before us.

The case is before us with the following assignment of error:

PREJUDICIAL ERROR OCCURRED WHEN THE MILITARY JUDGE REFUSED TO ADMIT INTO EVIDENCE ON THE MERITS PAGES FROM THE APPELLANT'S SERVICE RECORD SHOWING GOOD MILITARY CHARACTER OFFERED BY THE DEFENSE AND SAID EVIDENCE OF GOOD MILITARY CHARACTER WOULD BE OF PROBATIVE VALUE WHERE THE OFFENSE CHARGED, DESERTION, IS EXCLUSIVELY MILITARY IN NATURE, MILITARY RULES OF EVIDENCE, 404a(1) (1980); *UNITED STATES V. COOPER,* 11 M.J. 815 (A.F. C.M.R.1981).

In the attempt to aid in the full discussion of the issue presented, we granted oral argument.

■ Assuming that it was error not to admit some of the documents, we are not convinced that the error was prejudicial since the pertinent documents merely corroborated the uncontradicted testimony of appellant, but we need not reach that issue. Based upon the evidence before the military judge, we are not convinced that the appellant should be found guilty of either desertion charge. Since the sworn charges were not received by the Naval Military Personnel Command (the summary court-martial authority) until 18 February 1981, the Charge of unauthorized absence for the first offense; *i.e.* from 29 January 1979 until 9 July 1979, is barred by the statute of limitations. Thus, only a finding of guilty of a violation of Article 86, 10 U.S.C. § 886 from 13 July 1979 until 21 October 1981, and the violation of Article 92 can be affirmed. We have examined the sentence approved below in light of our decision, and nonetheless find it appropriate and affirm it.

While it is not necessary to our decision of this case, we feel that a comment on the manner in which the defense exhibits were offered is advisable.

To utilize Rule 404(a), Military Rules of Evidence, for the introduction of evidence, there must be a showing that the evidence is of a character trait and that trait is pertinent to the offense charged and before the court. Here, when challenged, the defense counsel did not attempt to show with any particularity why any of these nine documents were pertinent to the Charges before the court.

Counsel must recognize that they are advocates and conduct themselves accordingly. They cannot rely, as some once did, upon a benevolent military judge to insure that their client's case is offered in the best light possible.

Judge MAY concurs.

GORMLEY, Senior Judge (concurring): I concur in the result.