UNITED STATES, Appellee,

v.

Timothy McNEILL, Gunnery Sergeant,
U.S. Marine Corps, Appellant.

No. 46,414.
NMCM 82 1161.

U.S. Court of Military Appeals.

May 14, 1984.

For Appellant: *Commander David C. Larson*, JAGC, USN (argued); *Lieutenant Commander David S. Durbin*, JAGC, USNR (on brief).

For Appellee: *Lieutenant Michael P. Cogswell*, JAGC, USNR (argued); *Commander W. J. Hughes*, JAGC, USN (on brief).

*Opinion of the Court*

PER CURIAM:

Appellant was tried by general court-martial in September and October 1981 at Marine Corps Base, Quantico, Virginia. Contrary to appellant's pleas, the members of this court-martial found him guilty of sodomy, in violation of Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925. He was sentenced to a bad-conduct discharge, total forfeitures, and reduction to pay grade E-1. The convening authority approved this sentence which was also affirmed by the Court of Military Review.

The granted issue for review * in this case was:

WHETHER THE MILITARY JUDGE ERRED IN FAILING TO ADMIT EVIDENCE OF ACCUSED'S GOOD GENERAL MILITARY CHARACTER?

We have examined the record of trial in light of the decisions of this Court in *United States v. Piatt*, No. 45,416, 17 M.J. 442 (C.M.A. 1984), and *United States v. Clemons*, 16 M.J. 44 (C.M.A. 1983). A similar result is warranted.

The Government's evidence in this case tended to show that appellant, acting in the capacity of a military drill instructor during duty hours, committed the alleged offense against an officer candidate in his charge. *See United States v. Piatt, supra.* Appellant, testifying in his own behalf, denied that the alleged offense occurred and as-

---

* Our resolution of the granted issue makes it unnecessary to address the specified issue in this case.

serted his proper professional conduct towards the alleged victim on the day in question. The defense also attempted to offer evidence of appellant's good military character, which clearly pertained to the probability of the above contentions. Mil.R. Evid. 404(a)(1). *See United States v. Piatt* and *United States v. Clemons*, both *supra*. The military judge's ruling, although it particularly prohibited admission of one witness' testimony concerning appellant's good military character, effectively prevented any defense witness from testifying on this question. The record of trial on sentencing reveals considerable evidence of appellant's good military character as a drill instructor. The Court of Military Review pointed out that "[a]ppellant's case was hard-fought at trial, pitting the testimony of an officer candidate company's gunnery sergeant (ap-

pellant) against the testimony of an officer candidate (the victim)." Unpublished opinion at 1. In addition, the members requested permission to reconsider their findings after evidence of appellant's good military character had been admitted during sentencing. However, they were instructed by the military judge that they could not consider this evidence on their reconsideration. In this context, we find that a fair risk existed that appellant was prejudiced by the erroneous ruling of the military judge. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

The decision of the United States Navy-Marine Corps Court of Military Review is reversed. The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.