**UNITED STATES, Appellee,**

v.

**Sergeant Roy C. FITZGERALD, SSN 459–04–4727, United States Army, Appellant.**

**No. CM 444991.**

U.S. Army Court of Military Review.

26 Nov. 1984.

Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Rita R. Carroll, JAGC, and Captain Karen S. Davis, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Larry D. Williams, JAGC, and Major Thomas E. Booth, JAGC, were on the pleadings for appellee.

Before MARDEN, PAULEY and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

PAULEY, Judge.

The appellant was tried by a general court-martial composed of members and was convicted of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1982). He was sentenced to a bad-conduct discharge, confinement at hard labor for twelve months, re-duction to the lowest enlisted grade, and a fine of $2,500.00. The convening authority approved the sentence but suspended for twelve months the unserved portion of the sentence to confinement at hard labor.

Appellant was charged with stealing basic and variable housing allowances over a ten-month period of time. He entered a plea of not guilty to the offense of larceny, but guilty to the lesser included offense of wrongful appropriation. The only issue for the triers of fact to resolve was whether his wrongful taking was with the intent to permanently deprive the Government of the use and benefit of its money. The theory of the defense at trial was that appellant was aware that he was not entitled to the money and that he intended to repay it when he was financially able to do so. Appellant testified that he intended to repay the money "because as an NCO (non-commissioned officer) I knew it was wrong." The trial defense counsel requested permission to call witnesses who would attest to appellant's good military character and duty performance as bearing on his intent to repay the money. Relying on Mil.R.Evid. 404(a)(1), the military judge ruled that while the defense witnesses could give an opinion as to appellant's character for truth and veracity and his reputation for being a truthful person, evidence as to his good military character and duty performance would not be admissible.[1] The judge also ruled, gratuitously, that appellant's witnesses could not attest to his reputation as a law-abiding person.[2]

The appellant now contends that the military judge erred by refusing to admit evidence of his good military character and character for lawfulness. He urges that his case is "virtually indistinguishable"

1. Rule 404. Character Evidence Not Admissible to Prove Conduct; Exceptions; Other Crimes
   (a) *Character evidence generally.* Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:
   (1) *Character of the accused.* Evidence of a pertinent trait of the character of the accused offered by an accused, or by the prosecution to rebut the same.

2. We note the logical incompatibility of admitting guilt, albeit to a lesser included offense, and thereafter presenting a defense involving reputation for lawfulness. Such evidence surely would have been a confusing proposition for court members and excludable under Mil.R. Evid. 403.

from *United States v. Clemons,* 16 M.J. 44 (CMA 1983), in which the United States Court of Military Appeals set aside a larceny conviction because a military judge improperly excluded such evidence. We disagree.

■ An accused's character or reputation as a law abiding person may, where pertinent, be admissible. *United States v. Clemons, supra;* Mil.R.Evid. 404(a)(1). Indeed, had appellant proffered the testimony from his expected witnesses on that ground and obtained an adverse ruling from the military judge, we would now be presented with an issue of some substance. Unfortunately, appellant's counsel did not offer any such evidence, nor did he heed the language of Mil.R.Evid. 103(a)(2) which states as follows:

(a) *Effect of erroneous ruling.* Error may not be predicated upon a ruling which admits or excludes evidence unless the ruling materially prejudices a substantial right of a party, and

. . . .

(2) *Offer of proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the military judge by offer or was apparent from the context within which questions were asked.

His failure to properly raise this matter at trial justifies not giving it consideration on appeal.

■ As to the evidence concerning appellant's good military character, we hold that such evidence did not involve a pertinent character trait within the meaning of Mil.R. Evid. 404(a)(1). The Drafters' Analysis of this rule makes clear the fact that the new rule is a "significant change" from its predecessor, paragraph 138*f,* Manual for Courts-Martial, United States, 1969 (Revised edition). The analysis further states:

It is the intention of the Committee, however, to allow the defense to introduce evidence of good military character when that specific trait is pertinent. Evidence of good military character would be admissible, for example, in a prosecution for disobedience of orders.

*Analysis of the Military Rules of Evidence,* Appendix 18–61, Manual for Courts-Martial, United States, 1969 (Revised edition), Mil.R.Evid. 404(a)(1).

Other than charges involving a purely military offense, such as disobedience of orders or absence without leave, in order for the specific trait of military character to be relevant in a trial, the defense must show a nexus between the offense charged and the performance of military duties. The decisions from the United States Court of Military Appeals interpreting the rule have generally held that where charges against an accused arose in the context of performing military duties, military character evidence is admissible. *United States v. Clemons, supra,* (accused contended that in taking property he was functioning as military charge of quarters with intent to teach owners of property a lesson); *United States v. Kahakauwila,* 19 M.J. 60 (CMA 1984) (military character evidence admissible where offense of possession, sale, and transfer of marijuana charged as a violation of Naval regulations); *United States v. Piatt,* 17 M.J. 442 (CMA 1984) (accused, acting as a military drill instructor allegedly assaulted a private in his charge); *United States v. McNeill,* 17 M.J. 451 (CMA 1984) (accused, acting in the capacity of a military drill instructor during duty hours, allegedly committed sodomy with an officer candidate in his charge). On the other hand, where there is an insubstantial connection to military duties, the trait of good military character is not pertinent. *United States v. Court,* 18 M.J. 724 (AFCMR 1984) (accused charged with sex offenses against a dependent wife); *United States v. Belz,* 14 M.J. 601 (AFCMR 1982), *pet. granted,* 15 M.J. 92 (CMA 1983) (accused charged with false swearing and drug offenses); *United States v. Cooper,* 11 M.J. 815 (AFCMR 1981) (accused charged with possession of marijuana).

Under the facts in this case, even though the larceny caused the Government of the United States to be victimized, it did not bear sufficient nexus with appellant's performance of military duty to warrant the

conclusion that military character evidence was pertinent. The facts of *United States v. Clemons, supra,* are distinguishable from this case. In *Clemons,* the theory of the defense was that because the accused was performing military duties as a charge of quarters when he committed the alleged larceny and his intent was to teach the property owners a lesson, there was a sufficient connection between the two to establish that military character evidence was pertinent. In the case under consideration, the theory of the defense was "that as a noncommissioned officer (NCO) with much at stake" the appellant would not permanently keep this money erroneously paid to him. We do not find the appellant's theory of admissibility to be either logical or persuasive. The appellant's duty performance and his status as an NCO are not pertinent to the trait of honesty. Accordingly, we hold that the military judge did not err in refusing to admit evidence as to the accused's good military character.

We find the remaining assignments of error to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge MARDEN and Judge WERNER concur.