UNITED STATES, Appellee,

v.

**Aubery D. WILSON, Staff Sergeant
U.S. Army, Appellant.**

No. 45,155.
SPCM 17296.

U.S. Court of Military Appeals.

May 13, 1985.

For Appellant: *Captain Claudio F.
Gnocchi* (argued); *Colonel William G.
Eckhardt, Lieutenant Colonel William P.
Heaston* and *Major Edwin D. Selby* (on
brief); *Major Lawrence F. Klar* and *Captain Gunther O. Carrle.*

For Appellee: *First Lieutenant Kathy
J.M. Peluso* (argued); *Lieutenant Colonel
Adrian J. Gravelle* and *Major Larry D.
Williams* (on brief); *Lieutenant Colonel
John T. Edwards* and *Captain Thomas E.
Booth.*

*Opinion of the Court*

COX, Judge:

On January 12, 1982, appellant was tried by a special court-martial composed of officer members and at the Yongsan Military Reservation in Seoul, Korea. Contrary to his pleas, he was found guilty of attempting to violate a lawful general regulation by attempting to possess methamphetamine; conspiracy to possess, transfer, and sell methamphetamine and marihuana; and possession, transfer, and sale of marihuana, in violation of Articles 80, 81, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, and 934, respectively. The first offense occurred on September 8, 1981; the conspiracy occurred in September 1981; and the other offenses occurred on or about September 21, 1981. He was sentenced to a bad-conduct discharge and confinement at hard labor for 3 months. The convening authority approved this sentence. The United States Army Court of Military Review affirmed.

This Court granted review on the following issue:

WHETHER THE MILITARY JUDGE ERRED TO APPELLANT'S SUBSTANTIAL PREJUDICE BY NOT PERMITTING HIM 'TO INTRODUCE EVIDENCE OF APPELLANT'S GOOD MILITARY CHARACTER.

The facts concerning this issue have been previously determined by the lower appellate court, as follows:

During the defense's case, the defense counsel requested admission into evidence of appellant's good character "to the extent of his job performance and so forth." Defense counsel proffered that a Mr. Lee Eul Sung, an air traffic controller and appellant's supervisor, would testify that appellant was well-motivated and put in a lot of effort on the job, never missed work, and had done an outstanding job. Defense counsel indicated that a Captain Hayes would testify that appellant was an outstanding soldier and that he was shocked upon hearing that appellant was charged with drug of-

fenses. Defense counsel also offered several documents attesting to appellant's good military character (Defense Exhibits B through S).[1]

The military judge stated that he was of the view that "simply good character generally or good duty-performance character generally is not relevant and is not admissible under Rule 404, [Mil.R.Evid.]," but that specific traits of abstinence from drug abuse and compliance with lawful general regulations were raised by the evidence. The military judge ruled therefore that he would sustain the Government's objection to all the documents, and to Lee's testimony. He permitted Hayes to testify that appellant was truthful and that, based upon this six to eight months association with appellant, he was shocked when he heard about appellant's charges and knew nothing to indicate that appellant was involved with drugs, but would not permit testimony that was based merely on Hayes' opinion of appellant as an outstanding soldier.

On appeal appellant argues that, due to the military nature of his offenses and the testimony that he had been willing to engage in drug transactions while on duty, his outstanding duty performance, and his all around military bearing were relevant character traits and admissible under Mil.R.Evid. 404.

---

[1] Defense Exhibits B, D, E, and S, are Enlisted Evaluation Reports. Defense Exhibit C is a recommendation for the Army Commendation Medal. Defense Exhibits F through M are letters of commendation. Defense Exhibit N is a

certificate of achievement. Defense Exhibits O through Q are letters of recommendation. Defense Exhibit R reflects appellant's membership in the 750 mile Club.

Unpublished opinion at 1–2.

Regardless of the correctness of appellant's contention concerning the proffered evidence of military character, we are convinced that any error in its exclusion was harmless beyond a reasonable doubt. *See United States v. Vandelinder*, 20 M.J. 41 (C.M.A. 1985). Considering the circumstances of this case in light of our decision in *United States v. Weeks*, 20 M.J. 22 (C.M.A. 1985), we note the following: The Government's case was overwhelming in view of the unimpeached testimony of a police officer who witnessed all the offenses. His testimony concerning the offense on September 8, 1981, was corroborated by a police informant. His testimony concerning the offenses on September 21, 1981, was corroborated by physical evidence of the drugs purchased. The defense case was weak, consisting of appellant's unresponsive,[1] uncorroborated and, at times, implausible story. Finally, some character evidence was admitted in this case which, in our opinion, somewhat mitigated the impact of the trial judge's ruling.[2] *See United States v. Saldivar*, 710 F.2d 699 (11th Cir. 1983).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

Judge FLETCHER did not participate.

---

1. The defense offered no evidence contradicting the Government's proof of the specification that appellant attempted to possess a dangerous drug on September 8, 1981.

2. Captain Charles Hayes testified that, in light of his close association with appellant in an off-

duty organization for 8 months, he was shocked to hear of his alleged involvement in drug-related activities.