UNITED STATES, Appellee,

v.

Graham S. F. BELZ, Captain U.S. Air Force, Appellant.

No. 44,661.
ACM 23460.

U.S. Court of Military Appeals.

May 13, 1985.

For Appellant: *Lieutenant Colonel Michael D. Wims* (argued); *Colonel George R. Stevens* and *Major Alexander S. Nicholas* (on brief); *Colonel Leo L. Sergi.*

For Appellee: *Major Robert E. Ferencik, Jr.* (argued); *Colonel Kenneth R. Rengert, Lieutenant Colonel William H. Seckinger (USAFR), Major George D. Cato* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant was tried by a general court-martial composed of members and a military judge on September 16–21, 1981, at Tyndall Air Force Base, Florida. Contrary to his pleas, he was found guilty of conduct unbecoming an officer by engaging in various drug-related acts, in violation of Article 133, Uniform Code of Military Justice, 10 U.S.C. § 933. He was sentenced to be dismissed from the service, confined at hard labor for 1 year, and forfeit $950.00 pay per month for 1 year. The convening authority approved this sentence except that he reduced the period of confinement and forfeitures to three months. The Court of Military Review affirmed. 14 M.J. 601 (1982).

The issue granted review by this Court is:

WHETHER EVIDENCE OF GOOD MILITARY CHARACTER IS PERTINENT WITHIN THE MEANING OF MIL.R.EVID. 404(a)(1) TO CHARGES OF CONDUCT UNBECOMING AN OFFICER AND A GENTLEMAN.

The trial judge, relying on the decision in *United States v. Cooper*, 11 M.J. 815 (A.F. C.M.R. 1981), ruled that military character was not a pertinent character trait in cases involving drug-abuse offenses. On motion of the prosecution and over objection of defense counsel, he therefore refused to admit on findings defense exhibits A through E, which were Officer Effectiveness Reports purporting to show appellant's proper conduct as a commissioned officer. He later excluded defense exhibits F through J, which were affidavits attesting to appellant's good character as a military officer.*

■ This Court has held that Mil.R. Evid. 404(a)(1) does not bar admission of military-character evidence where the offense charged under Article 134, UCMJ, 10 U.S.C. § 934, is drug related. *United States v. Kahakauwila*, 19 M.J. 60 (C.M.A. 1984). We have also held that such character-trait evidence is not barred by this evidentiary rule in a drug-offense case if such an offense is charged under Article 92, UCMJ, 10 U.S.C. § 892, or the recently enacted Article 112a, UCMJ, 10 U.S.C. § 912a. *United States v. Vandelinder*, 20 M.J. 41 (C.M.A. 1985). We see no reason why officers charged with drug offenses under Article 133 should be barred from introducing such military character evidence. To the extent that the trial judge proceeded on the erroneous premise rejected in *Vandelinder*, he also erred.

■ The critical issue in this case and others we have recently decided is whether appellant was prejudiced by exclusion of this evidence. *See United States v. Vandelinder, supra; United States v. Weeks*, 20 M.J. 22 (C.M.A. 1985). Some factors we have considered in resolving this question are the strength of the Government's case, the weakness of the defense's case, the materiality of the evidence, the quality of the military character evidence, and the existence of suitable substitute evidence in the record of trial. *Id.; see also United States v. Wilson*, 20 M.J. 31 (C.M.A. 1985); *United States v. Klein*, 20 M.J. 26 (C.M.A. 1985).

■ Because neither the trial judge nor the Court of Military Review had the benefit of our ruling in *United States v. Vandelinder, supra*, we conclude, consistent with our opinion in *United States v. Weeks, supra*, that it is appropriate for the Court of Military Review to now determine, under these precedents, if appellant was prejudiced by this error.

The decision of the United States Air Force Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for findings of fact and conclusions of law on whether appellant was prejudiced by this error.

Chief Judge EVERETT concurs.

Judge FLETCHER did not participate.

---

* All these exhibits were later admitted during the sentencing portion of this court-martial. One affidavit from appellant's brother-in-law, a DEA agent, was admitted during findings to show a demeanor inconsistent with drug use.