**UNITED STATES**

v.

**Captain Graham S.F. BELZ, 225–72–4513 FV United States Air Force.**

**ACM 23460 (f rev).**

U.S. Air Force Court of Military Review.

29 Jan. 1986.

---

1. Similar language is found in R.C.M. 1001(b)(1).

Colonel Leo L. Sergi, Lieutenant Colonel Michael D. Wims and Major Alexander S. Nicholas, for accused.

Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr., for U.S.

Before SESSOMS, CANELLOS and CARPARELLI, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

CANELLOS, Senior Judge:

In our original decision we affirmed the findings and the sentence. *United States v. Belz*, 14 M.J. 601 (A.F.C.M.R.1982). Thereafter, the United States Court of Military Appeals remanded the case to us with direction to make findings of fact and conclusions of law on whether the accused was prejudiced when he was denied the opportunity to present evidence of his good military character on the merits. *United States v. Belz*, 20 M.J. 33 (C.M.A.1985). We have been asked by the Court of Military Appeals to consider, according to the four-pronged test enunciated in *United States v. Weeks*, 20 M.J. 22 (C.M.A.1985), the strength of the government's case; the weakness of the defense's case; the quality of the character evidence; and the existence of suitable substitute evidence in the record of trial.

The accused was charged with ten specifications alleging drug involvement as conduct unbecoming an officer and gentleman under Article 133, U.C.M.J., 10 U.S.C. § 933. He was convicted of four of these specifications: use of marijuana with enlisted members; sale of marijuana to an officer co-worker; possession of marijuana with intent to distribute; and false swearing (by denying his involvement under oath during an A.F.O.S.I. investigation). He was acquitted of four marijuana sales and two solicitations to sell marijuana.

At trial, the accused defended himself vigorously. He testified under oath and denied any involvement. He also called numerous witnesses who testified that they were present at the times and places of the alleged offenses and did not witness any violations by the accused.

The government's case consisted primarily of the testimony of five witnesses who testified against the accused. Four of them testified that they had purchased marijuana from the accused. Of the seven specifications that resulted directly from this activity, the accused was convicted of only one, the sale of marijuana to Lieutenant Sherer on 19 August 1979. The accused denied he made such a sale and since there was no other evidence introduced at trial relative to this offense, it is obvious that the Court chose to believe Lieutenant Sherer and not the accused. The accused also denied the sales to the other three individuals (Sergeants Reynolds, Green and Seger). As to those allegations, the Court apparently chose to believe the accused.

The Court also convicted the accused of possessing marijuana with intent to distribute between April 1979 and April 1980. By virtue of the Court's finding that the accused sold marijuana to Lieutenant Sherer in August of 1979, but did not sell to the other three individuals, their finding that he possessed marijuana with the intent to distribute could be attributable to the sale to Lieutenant Sherer alone.

The accused was also convicted of using marijuana with enlisted members between April 1979 and September 1980. Each of the three non-commissioned officers mentioned above testified that they used marijuana with the accused on separate occasions. The only instance in which more than one person testified that an offense occurred on a specific date was on 19 September 1979. Four people testified that at that time, the accused used marijuana at a

party. The accused, although admitting that he was at the party, denied he used marijuana there.

As part of the defense's case-in-chief, counsel sought to introduce the accused's Officer Effectiveness Reports (OERs) and the affidavits of the accused's supervisors to attest to his good military character. The trial judge, upon a motion *in limine*, relying on the provisions of Mil.R.Evid. 404(a)(1) and *United States v. Cooper*, 11 M.J. 815 (A.F.C.M.R.1981), found that good military character was not a pertinent trait of character and the evidence, therefore, was not admissible. The Court of Military Appeals disagreed and, hence, the remand to us to determine whether the accused was prejudiced by the exclusion of this favorable military character evidence.

The first question is: Which test should be applied in determining whether the error prejudiced the accused? *See United States v. Vandelinder*, 20 M.J. 41 (C.M.A.1985). If the error is of a constitutional nature then prejudice results unless we can find that the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). If the error is deemed not to rise to constitutional dimensions, prejudice results unless we are convinced that the error did not influence the triers of fact or had but a slight effect upon the verdict. *Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

Like the Court of Military Appeals in *Vandelinder, supra*, we need not decide that issue, for we find that, even if we apply the non-constitutional *Kotteakos* standard, prejudice to the accused is apparent. Applying the facts of this case to the four-pronged *Weeks* test, we find:

1. The government's case was not strong. There was no physical evidence and the case turned completely on the relative credibility of the accused and the prosecution witnesses. Of the five witnesses who testified directly against the accused, two, including Lieutenant Sherer, had admitted that they had lied under oath. All were involved in drugs and the witnesses' reputations for truth and veracity were not good. All testified that they had discussed their relative involvements with each other and the desirability of them "giving the OSI all they wanted to know about the accused." Complicating our assessment of the strength of the government's case is the fact that the court members apparently disbelieved three of the witnesses, as evidenced by their not guilty findings.

2. The accused's case was as strong as could be expected given the lack of definiteness in some of the specifications. He testified under oath and denied any culpability. Defense witnesses attempted to rebut each specific instance of involvement, a formidable task as to those specifications alleging drug activity over the period of one year.

3. The accused's character evidence was noteworthy. By all accounts, the accused's military record was outstanding with many favorable comments as to his officer qualities. This outstanding record could have directly affected the verdict, especially since the specifications all allege conduct unbecoming an officer and gentleman under Article 133, U.C.M.J.

4. Although the good military character evidence was eventually admitted during the sentencing portion of the trial, and the defense counsel invited the court members to reconsider their findings, we believe that the Court's failure to reconsider shoul dnot be dispositive of the issue of prejudice.

Our review of the record of trial fails to convince us that the error in excluding evidence of the accused's good military character had no effect, or but a slight effect, on the verdict. As a result, we have determined that the accused was prejudiced by the error.

Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered.

SESSOMS, Senior Judge, and CARPARELLI, Judge, concur.