**UNITED STATES, Appellee,**

v.

**Sergeant First Class Ronald P. WILSON, 247–11–6646, United States Army, Appellant.**

CM 448925.

U.S. Army Court of Military Review.

23 March 1987.

For appellant: Major Joel D. Miller, JAGC, Major Jerry W. Peace, JAGC, Captain David C. Hoffman, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Susan E. Fine, JAGC (on brief).

Before DeFORD, WILLIAMS and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

KENNETT, Judge:

Tried by a general court-martial composed of officer and enlisted members, appellant was arraigned on the following alleged offenses: maltreatment of a subordinate enlisted man, consensual sodomy (two specifications—same woman), assault with intent to commit murder, adultery (four specifications—same woman named in the sodomy specifications), and oral communication of indecent language (three specifications—three different women, none of whom was the same female alleged in the sodomy and adultery specifications), in violation of Articles 93, 125, and 134, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. §§ 893, 925, and 934 (1982), respectively. Contrary to his pleas, appellant was convicted of the sodomy and adultery offenses, one of the three indecent language specifications, and assault consummated by a battery (in violation of Article 128, UCMJ, 10 U.S.C.A. § 928 a lesser included offense of the charged assault with intent to commit murder).[1] He was sentenced to a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to the grade of Private E-1. The convening authority approved the sentence.

On appeal, appellant asserts several errors, only one of which merits extended discussion.

### I.

Appellant was the platoon sergeant of the parachute rigger platoon of an airborne infantry battalion in Italy. All the victims

---

1. Appellant was acquitted of the alleged maltreatment and two of the three alleged indecent language specifications.

of the charged offenses were appellant's subordinates in the rigger platoon or were married to one of his subordinates in that platoon. Appellant denied committing any of the alleged offenses,[2] and presented evidence of his good military character. Appellant also postulated the theory that the entire case against him was the result of a conspiracy instigated primarily by Corporal Miller of the rigger platoon, whose wife was the victim alleged in one of the three indecent language specifications (appellant was acquitted of communicating indecent language to Mrs. Miller).[3]

The trial defense counsel asked the military judge to instruct on the evidence of good military character with respect to all charges and specifications. The military judge granted the request in part, instructing that the evidence could be considered with respect to the maltreatment and assault with intent to commit murder specifications.[4] He further instructed that the evidence could not be considered with respect to the sodomy, adultery, and indecent language specifications. The judge's rationale for his ruling limiting the instruction was that the maltreatment and the assault with intent to commit murder related to military performance of duty as the alleged victims were appellant's subordinates, whereas the remaining offenses were "civilian" in nature. We find the military judge instructed correctly.

■ In general, the admissibility of an accused's character is governed by Mil.R. Evid. 404(a), Manual for Courts-Martial, United States, 1984 [hereinafter cited as M.C.M., 1984], which provides:

(a) *Character evidence generally.* Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except: (1) *Character of the accused.* Evidence of a pertinent trait of the character of the accused offered by an accused, or by the prosecution to rebut the same;....

Interpreting the foregoing provision, the Court of Military Appeals has considered good military character to be an admissible character trait when it is pertinent to the offense(s) charged. *United States v. Vandelinder,* 20 M.J. 41 (C.M.A.1985) (accused charged with drug transactions in violation of a Navy regulation). The Court has defined a character trait as being "pertinent" for purposes of Mil.R.Rvid. 404(a)(1) "when it [the character trait] is directed to the issue or matters in dispute, and legitimately tends to prove the allegations of the party offering it." *United States v. Elliott,* 23 M.J. 1, 5 (C.M.A.1986). Where charges against an accused arose in the context of performing military duties or because of drug transactions, military character evidence is admissible on the merits. *See, e.g., United States v. Hurtt,* 22 M.J. 134 (C.M.A.1986); *United States v. Vandelinder,* 20 M.J. at 44–44–45; *United States v. Klein,* 20 M.J. 26 (C.M.A.), *cert. denied,* — U.S. —, 106 S.Ct. 534, 88 L.Ed.2d 465 (1985); *United States v.*

---

2. In rebuttal to appellant's denial of communicating certain other indecent language, the government presented the testimony of a female enlisted soldier who stated appellant had communicated such language to her while she was playing a slot machine in the noncommissioned officers' club.

3. Appellant testified he had directed corrective training for Corporal Miller because Miller had failed to wear his helmet during a portion of a road march and had then lied to his squad leader, in appellant's presence, by stating that he had worn the helmet during the entire march.

4. The instruction given was as follows:

Now, to show the probability of his innocence of the maltreatment and the assault with intent to commit murder charge, the defense has produced evidence of the accused's good military performance as a soldier. You can recall the testimony of the First Sergeant and the other people involved that the accused was acting as a good NCO while on duty and was performing well, either outstanding or above average. Now, this evidence of the accused's good military character may alone be sufficient to cause a reasonable doubt as to his guilt as to these two offenses. On the other hand, evidence of an accused's good character or good military performance, may be outweighed by other evidence in the case, tending to show the accused's guilt.

*Weeks,* 20 M.J. 22 (C.M.A.1985); *United States v. Kahakauwila,* 19 M.J. 60 (C.M.A. 1984); *United States v. McNeill,* 17 M.J. 451 (C.M.A.1984); *United States v. Piatt,* 17 M.J. 442 (C.M.A.1984); *United States v. Clemons,* 16 M.J. 44 (C.M.A.1983). "On the other hand, where there is an insubstantial connection to military duties, the trait of good military character is not pertinent." *United States v. Fitzgerald,* 19 M.J. 695, 697 (A.C.M.R.1984), *petition denied,* 20 M.J. 133 (C.M.A.1985) (larceny). *See United States v. Lutz,* 18 M.J. 763, 771 (C.G.C.M.R.1984), *petition granted,* 20 M.J. 124 (C.M.A.1985) (child sexual abuse); *United States v. Court,* 18 M.J. 724, 727 (A.F.C.M.R.), *petition granted,* 19 M.J. 145 (C.M.A.1984) (sex offenses against the wife of another servicemember).

 Under the facts of this case, even though wives of servicemen subordinate to appellant were victimized, the status of the victims did not bear sufficient nexus with appellant's performance of military duty to warrant extension of the "good military character" instruction to the sodomy, adultery, and indecent language offenses.

Assuming, *arguendo,* the military judge erred by giving the limiting instruction, and applying the analysis for prejudice set forth in *United States v. Weeks,* 20 M.J. at 25, we are convinced the error was harmless beyond a reasonable doubt. *See*

*United States v. Vandelinder,* 20 M.J. at 47. The government's case was strong, and appellant's defense, particularly his implausible conspiracy theory centered upon Corporal Miller, was feeble. *See United States v. Wilson,* 20 M.J. 31, 32 (C.M.A. 1985).

## II.

Appellant contends the convening authority erred in approving a sentence including forfeiture of all pay and allowances but no confinement. We disagree. *United States v. Spenny,* 22 M.J. 844 (A.C. M.R.1986). *But cf. United States v. Nelson,* 22 M.J. 550 (A.C.M.R.1986).

The remaining assignments of error, including those personally asserted by appellant, have been considered and are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge DeFORD and Judge WILLIAMS concur.