**UNITED STATES, Appellee,**

v.

**Ronald P. WILSON, Sergeant First
Class, U.S. Army, Appellant.**

No. 57,917.
CM 448925.

U.S. Court of Military Appeals.

April 3, 1989.

For Appellant: *Captain Patricia D.
White* (argued); *Colonel John T. Edwards,
Lieutenant Colonel Joel D. Miller, Cap-
tain Donald G. Curry, Jr.* (on brief);
*Colonel Brooks B. LaGrua, Lieutenant
Colonel Joel D. Miller, Captain Alfred H.
Novotne, Captain David C. Hoffman.*

For Appellee: *Major Daniel J. Dell'Orto*
(argued); *Colonel Norman G. Cooper,*

*Lieutenant Colonel Gary F. Roberson, Captain George R. Gillette* (on brief); *Major Byron J. Braun and Captain Susan E. Fine.*

## Opinion of the Court

SULLIVAN, Judge:

In April 1986, appellant was tried by a general court-martial composed of officer and enlisted members at Caserma Carlo Ederle, Vicenza, Italy. Contrary to his pleas, he was found guilty of two specifications of consensual sodomy, assault on a subordinate, four specifications of adultery, and communicating indecent language, in violation of Articles 125, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925, 928, and 934, respectively. He was sentenced to a bad-conduct discharge, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged. The Court of Military Review affirmed the findings and sentence. 23 MJ 899 (1987).

### I

This Court granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED BY FAILING TO INSTRUCT THE MEMBERS THAT EVIDENCE OF APPELLANT'S GOOD MILITARY CHARACTER COULD BE CONSIDERED WITH RESPECT TO ALL CHARGES AND THEIR SPECIFICATIONS.

We hold that it was error for the military judge to prevent the members from considering evidence of appellant's good military character with respect to these sodomy, adultery, and indecent-language charges. *See generally United States v. Court,* 24 MJ 11, 15 (CMA 1987). Nevertheless, we conclude that such error was harmless beyond a reasonable doubt. *United States v. Vandelinder,* 20 MJ 41 (CMA 1985).

The facts of this case have been set forth in the opinion below and need not be repeated here. 23 MJ at 900–01. Suffice it to say that appellant was platoon sergeant of a parachute rigger platoon in Italy. He lived for a period of time with the family of one of his subordinates, and the prosecution offered evidence that he engaged in adultery and sodomy with that subordinate's wife. Concerning the indecent-language specification, evidence was introduced at the court-martial that appellant communicated salacious comments to the wife of another soldier. 23 MJ at 901.

■ At trial, appellant averred that he did not do the alleged acts and that one of his men, whom he had previously disciplined, had instigated false charges against him. He thereafter moved to admit evidence of his good military character for all the charges and specifications.[1] The military judge admitted the evidence for the obvious "military" offenses of maltreatment and assault on subordinate servicemembers. He expressly prohibited the members from considering the evidence for what he called the "civilian" offenses of sodomy, adultery and communicating indecent language, although they involved the wives of appellant's subordinates. Later, the military judge repeated the substance of his ruling when he stated:

> I will caution you, court members, defense counsel kind of implied that you can consider that evidence of good military character as to the charges of adultery and sodomy. I've already instructed you that you cannot consider that evidence. You may consider that evidence only as to the accused's good char-

---

1. The well-recognized rationale for admission of evidence of good military character is that it would provide the basis for an inference that an accused was too professional a soldier to have committed offenses which would have adverse military consequences. *See United States v. Clemons,* 16 MJ 44 (CMA 1983); *United States v. Piatt,* 17 MJ 442 (CMA 1984); *United States v. McNeill,* 17 MJ 451 (CMA 1984); *United States v. Kahakauwila,* 19 MJ 60 (CMA 1984); *United States v. Weeks,* 20 MJ 22 (CMA 1985); *United States v. Klein,* 20 MJ 26 (CMA), *cert. denied,* 474 U.S. 1009, 106 S.Ct. 534, 88 L.Ed.2d 465 (1985); *United States v. Belz,* 20 MJ 33 (CMA 1985); *United States v. Traveler,* 20 MJ 35 (CMA 1985); *United States v. Vandelinder,* 20 MJ 41 (CMA 1985); *United States v. Hurtt,* 22 MJ 134 (CMA 1986); *United States v. Court,* 24 MJ 11 (CMA 1987); and *United States v. Rivera,* 24 MJ 156 (CMA 1987).

acter as a soldier as to the Specification of Charge I [maltreatment] and Specification 1 of Charge III [assault with intent to murder].

The Court of Military Review concurred with the decision of the military judge and upheld the ruling. 23 MJ at 901.

--------------------------------

The Court of Military Review stated:

Under the facts of this case, even though wives of servicemen subordinate to appellant were victimized, the status of the victims did not bear sufficient nexus with appellant's performance of military duty to warrant extension of the "good military character" instruction to the sodomy, adultery, and indecent language offenses.

*Id.* at 902. We disagree as a matter of law.

Such a ruling implies that a military judge has some discretion to determine whether an accused's military character is "pertinent" when the victims of the charged offenses were wives of his military subordinates. *See* Mil.R.Evid. 404(a)(1), Manual for Courts–Martial, United States, 1984. While some discretion in these cases may exist,[2] its exercise in the present case was a clear abuse of discretion. *See United States v. Court, supra; United States v McNeill*, 17 MJ 451 (CMA 1984); *United States v. Piatt*, 17 MJ 442 (CMA 1984).

The sodomy and adultery offenses for which appellant was convicted were committed with the wife of a subordinate enlisted person under his direct supervision. His indecent-language conviction was for words directed to a second woman who was also married to a junior enlisted man and was a neighbor of the above subordinate's wife. The sexual-conduct offenses occurred in the homes of appellant and the subordinate soldier which were located in an overseas civilian community. The sexual-language offense occurred in the apartment of a neighbor whose husband was a servicemember. Finally, evidence was offered by the prosecution which showed that all these offenses stemmed from appellant's military and later social relationship with the subordinate soldier. Clearly, a finding of no nexus in this context is not supported by the evidence of record.

■ We must test this error for prejudice. Applying the analysis we adopted in *United States v. Weeks*, 20 MJ 22, 25 (CMA 1985), and in accord with the alternative finding of the Court of Military Review, we hold that the decision below need not be reversed.

First, the Government presented a strong case on the adultery and sodomy charges based on testimony of the female party to these acts. Her testimony was partially corroborated by two other witnesses as well as detailed and unshaken by cross-examination. Also, appellant was found guilty of only one indecent-language specification, and it was based on the testimony of a single witness with partial corroboration.

Second, appellant's theory of defense was weak. Appellant testified that he believed his investigation and prosecution were a result engineered by a subordinate, Corporal Miller. While four of the five witnesses against him were wives of subordinates, including Corporal Miller's wife, no tangible evidence of a conspiracy was produced at trial. Also, a fifth witness, Sergeant Switzer, who was unconnected with appellant's unit and did not know any of the wives or their husbands, offered devastating rebuttal testimony to appellant's assertion that he had not engaged in lascivious conduct in the past. Finally, the number of incidents testified to by these witnesses and the diversity of circumstances involved show his conspiracy theory to be speculative.

---

**2.** The general importance of the superior-subordinate relationship in its many forms and settings in the military has long been recognized. *See generally United States v. Lee*, 4 CMR 185, 189(ABR), *pet. denied,* 1 USCMA 712, 4 CMR 173 (1952). *See* D. Cragg, *The NCO Guide* 114, 125–26 (1986); L. Crocker, *The Army Officer's Guide* 18, 42 (43rd ed.1985); *The Armed Forces Officer* 206–12 (1950). *See also* W. Winthrop, *Military Law and Precedents* 731 (2d ed.1920 reprint).

Third, the probative value of appellant's character evidence was not great. He attempted to buttress his denial of these sex offenses with his subordinate's wife by offering evidence of his general good military character, *i.e.*, he was an outstanding professional soldier. However, the persuasiveness of such evidence is not particularly great because it failed to specifically address the particular type of conduct at issue in the charges against him. *Cf. United States v. McNeill* and *United States v. Piatt*, both *supra; United States v. Clemons*, 16 MJ 44 (CMA 1983). Here, no particular evidence was admitted showing his exemplary social conduct with the wives of his subordinates.

■ We, of course, are aware that the members found appellant not guilty of a maltreatment offense and guilty of a lesser degree of assault when his character evidence was considered. This circumstance by itself does not dictate reversal (*United States v. Vandelinder*, 20 MJ 41), especially when the members also found appellant not guilty of offenses where this character evidence was not considered. The evidence of military character was simply not a determinative factor in this case.

## II

■ We also granted review to consider whether the forfeitures were excessive as a matter of law when appellant was not sentenced to confinement. In accordance with our decision in *United States v. Warner*, 25 MJ 64 (CMA 1987), we hold that forfeitures exceeding two-thirds of his monthly pay are excessive.

The decision of the United States Army Court of Military Review is affirmed except as to forfeitures in excess of two-thirds pay per month until the discharge is executed. Excessive forfeitures which have been collected will be returned to appellant.

Judge COX concurs.

EVERETT, Chief Judge (dissenting):

From my reading of the record, I conclude that, under the test prescribed in *United States v. Weeks*, 20 MJ 22, 25 (CMA 1985), the judge's instructional error was prejudicial as to the sodomy and adultery charges.

The Government's case depended almost entirely on the testimony of the alleged victim. Wilson steadfastly maintained his innocence during his extensive testimony. The defense presented a plausible theory of alibi as to some of the events described by the victim. The character evidence was strong.

Finally, it seems of some significance that, with respect to the two specifications as to which the military judge allowed the court members to consider the character evidence, Wilson had favorable results. In one instance he was acquitted; and, in the other, he was found guilty of a lesser-included offense.