**UNITED STATES**

v.

**Staff Sergeant Steven R. PERSHING, FR 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, United States Air Force.**

**ACM S27974.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 Sept. 1988.

Decided 18 April 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Lynne H. Wetzell.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Kathryn I. Taylor.

Before HODGSON, HOLTE and PRATT, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

Appellate defense counsel argue that the trial judge erred in refusing to admit evidence of the appellant's good military character. In so ruling, the military judge acknowledged that the Airman Performance Reports (APR) were evidence of the appellant's good military character, but concluded that such a trait was not pertinent to the charged offense of larceny. He further ruled that larceny was not a purely military offense and that establishing a good military character did not establish the traits of honesty, trustworthiness, or truthfulness.

 Appellate government counsel urge that no *per se* rule exists for the admissibility of good military character evidence in all offenses tried by court-martial. They contend there must be a nexus with the accused's performance of military duty to justify the admission of good military character for the offense of larceny. Here, they maintain, there is none. They acknowledge, however, that the Court of Military Appeals has expanded the admissibility of such character evidence beyond traditional military offenses such as desertion, absence without leave, failure to obey lawful orders, etc. *See United States v. Elliott*, 23 M.J. 1 (C.M.A.1986) (larceny of two television sets); *United States v. Court*, 24 M.J. 11 (C.M.A.1987) (indecent assault); *United States v. Benedict*, 27 M.J. 253 (C.M.A.1988) (indecent acts with a child); *United States v. Wilson*, 28 M.J. 48 (C.M.A.1989) (sodomy, adultery, and indecent language). They argue, nevertheless, that larceny is not a unique military crime, and the fact that an accused can offer

evidence that he performs his duties well does not mean that he does not steal. They contend that Mil.R.Evid. 404(a)(1) requires that a character trait must be "pertinent" before it is relevant and thus admissible; and, that APRs which tend to establish a good military character do not meet this standard. However, Chief Judge Everett observed in *Elliott, supra* that "[f]or purposes of Mil.R.Evid. 404(a)(1), a character trait is pertinent when it is directed to the issue or matters in dispute, and legitimately tends to prove the allegation of the party offering it."

 We find that the position taken by the trial judge and supported by appellate government counsel much too restrictive. The admissibility of character evidence should not hinge on what Article of the Code an accused is tried under. *Accord United States v. Vandelinder,* 20 M.J. 41 (C.M.A.1985). This is particularly so since character evidence may itself generate a reasonable doubt in the factfinder's mind. *Vandelinder, supra.* In *United States v. Wilson,* Judge Sullivan observed:

> The well-recognized rationale for admission of evidence of good military character is that it would provide the basis for an inference that an accused was too professional a soldier to have committed offenses which would have adverse military consequences. (Citations omitted.)

28 M.J. at 49, n. 1. Earlier, in *United States v. Court, supra* Judge Cox, in a concurring/dissenting opinion, stated:

> I further agree that evidence of appellant's military record and military character should have been admitted. I do so without hesitation because, in my judgment, the fact that a person has given good, honorable, and decent service to his country is *always* important and relevant evidence for the triers of fact to consider. Commanders consider it not only when deciding the appropriate disposition of a charge, but also when deciding to approve or disapprove sentences; and I believe that court members and military judges also should consider it when deciding whether a particular person is innocent or guilty of an offense. The

evidence may have little weight; indeed, it may have none. But if an individual has enjoyed a reputation for being a good officer or servicemember, that information should be allowed into evidence. (Citations omitted.) (Emphasis in original.)

While the effectiveness of good character is always problematical, Chief Judge Everett addressed this circumstance in *United States v. Benedict* by pointing out:

> How convincing [good character evidence is] will vary with the facts of the case; but, unlike the court below, we see no reason why evidence of good character is *per se* inadmissible.

27 M.J. at 262.

Based on our reading of the numerous Court of Military Appeals decisions in this area, we hold that the trial judge erred by refusing to admit on the merits evidence of the appellant's good military character. *See United States v. Thomas,* 18 M.J. 545 (A.C.M.R.1984).

 The question that remains is whether the appellant was prejudiced by the exclusion of such evidence. Applying the "four-pronged analysis to test for prejudice" as set out in *United States v. Weeks,* 20 M.J. 22 (C.M.A.1985), we conclude that he was. The appellant was convicted of stealing a $190.00 money order on 8 June 1988, from an individual who said she stopped at the Pass Desk at approximately 1300 hours that day to get permission to enter the installation. She identified the appellant as the person who gave her the pass. She further testified she came back the next day, 9 June, at about 1100 hours and asked the appellant if he had seen her wallet. He denied that he had. At trial the appellant denied seeing the victim at the times she indicated. He acknowledged working at the visitors center on the days the victim said she was there, but stated, without rebuttal by the government, that his tour of duty did not begin until 1430 hours on either day. The appellant admitted cashing the money order, but maintained he got it from "Scott Brown" as partial payment for some rings he had advertised for sale. The victim initially told

the police that the wallet has been "mislaid" or "lost," but later indicated she suspected a neighbor had taken the money order because he was behind on his rent.

The government's case against the appellant, while substantial, was not overwhelming. The appellant stoutly maintained his innocence during his testimony, and offered a plausible theory of how he obtained the money order. The character evidence was strong, and might have tipped the scales in his favor. We cannot say that the trial judge's exclusion of the appellant's character-trait evidence was harmless error. Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judges HOLTE and PRATT concur.