UNITED STATES, Appellee,

v.

Daniel J. WEEKS, Gunnery Sergeant
U.S. Marine Corps, Appellant.

No. 47,866.

NMCM 82 5652.

U.S. Court of Military Appeals.

May 13, 1985.

For Appellant: *Barton F. Stichman, Esq.* (argued); *Commander David C. Larson, JAGC, USN* (on brief).

For Appellee: *Lieutenant P.M. Mudgett, JAGC, USNR* (argued); *Captain W.J. Hughes, JAGC, USN*, and *Major E.D. Clark, USMC* (on brief).

*Opinion of the Court*

COX, Judge:

On May 26–27, 1982, appellant was tried by a general court-martial composed of officer members. Despite his pleas, he was found guilty of possession, transfer, and sale of marihuana on three separate occasions, contrary to Article 1151, United States Navy Regulations (1973), in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. He was sentenced to a dishonorable discharge, confinement at hard labor for 6 years, total forfeitures, and reduction to pay grade E-1. The convening authority approved this sentence. On September 30, 1983, the United States Navy-Marine Corps Court of Military Review affirmed, ordering credit for 58 days of pretrial confinement. 17 M.J. 613.

This Court granted review on the following issue:

WHETHER THE MILITARY JUDGE ERRED BY GRANTING THE GOVERNMENT'S MOTION TO EXCLUDE EVIDENCE OF APPELLANT'S GOOD, LAW–ABIDING MILITARY CHARACTER DURING THE CASE IN CHIEF.

We have examined the record of trial and find no indication that the defense intended to introduce any evidence of appellant's law-abiding character. *Cf. United States v. Clemons*, 16 M.J. 44, 45 (C.M.A. 1983). Accordingly, we will restrict our review to the propriety of the trial judge's ruling

excluding evidence of appellant's good military character. *See* Mil.R.Evid. 103.

Some background as to the circumstances of this case is necessary to understand the granted issue. The Court of Military Review said in this regard:

On 27 January 1982, 29 January 1982, and 4 February 1982, appellant sold 27.9, 29.6, and 215.4 grams of marihuana, respectively, to one Sergeant H, an undercover NIS informant at his off-base home in Triangle, Virginia. These three purchases by Sergeant H were "controlled buys": Sergeant H was searched prior to entering appellant's house and upon leaving the house. While he was inside the house NIS agents waited outside in a parked car. Appellant testified at trial, however, that he was not home on 27 January and that on the other two occasions Sergeant H merely visited him to pay him money that Sergeant H owed him for taped record albums. Appellant maintained that Sergeant H was lying in order to ingratiate himself with his command because he had come up positive for marihuana use on a urinalysis screening. Appellant theorized that Sergeant H must have hidden the marihuana either in the bushes in the front of appellant's house or in the garden in the back of the house, and then he must have taken the marihuana from its hiding place to the agents waiting in the parked car.

17 M.J. at 614.

Turning to the record of trial, we note further the following circumstances surrounding the Government's motion to limit the defense's evidence of appellant's good military character:

"TC: Yes, sir. The defense has indicated that they intend to present, or may intend to present—they didn't specifically say, they said it was possible that they would present—evidence of the accused's good military character on the merits. And it is the government's position that such evidence should be precluded under the military rules of evidence. Specifically, we are talking about Rule 404—a(1), I believe it is.

We would say that the general military character of the accused is not an issue, and it is not a pertinent character trait which need be proved one way or another in this particular set of facts.

"MJ: All right. Does the defense intend to present such evidence on the merits?

"DC: Your Honor, the defense is aware and mindful—

"MJ: Excuse me, Major Lowder, because of the fan I am going to have to ask you to speak up a little more.

"DC: Aye, aye, sir. Sir, the defense is aware and mindful of the recent trend in military decisions disallowing evidence of military character heretofore deemed generally admissible in trials by courts-martial. The defense is also aware of a line of cases stating that in a uniquely military offense pertinent general military character can be admissible in those instances. Now, the offenses here are lodged under a violation of a general order or a Navy regulation which is a particularly military offense. We are also, however, mindful of a line of cases there that state that you look to the gravamen of the offense, and in this case we are dealing with simple possession, transfer and sale of drugs. We would just pray to the court here that the defense believes that in the final analysis, what we are going to get down to here is a credibility contest. Gunnery Sergeant Weeks's 18–some-odd years of very, very fine military service would certainly be pertinent in the weighing of who these members are going to side up with for guilt or innocence. We would pray for the admissibility of such matters. Thank you.

"TC: If we may respond, sir, once again the good performance of duty or the proper performance of duty, good general military character, is not something which is indicative of the character trait of truthfulness or untruthfulness. There are a line of cases in that direction. The rule of evidence is very clear. The cases that have followed—the court may already be mindful of the U.S. v. Cooper case 11 MJ 815. That was an Air Force case where the

court said you should look to the military nature of the offense which is charged in determining whether or not the character trait is pertinent, and not the fact that it was charged under Article 134 of the Code. The defense position in that case was that because it is under Article 134 the government had to show prejudice to good order and discipline. Therefore the good military character of the accused was in issue. The Court of Military Review in that particular case disagreed. We would argue the rationale goes the same here with Article 92 offenses. It is not the mere fact that this is a violation of an order. The sale, possession and transfer of drugs is not something that is uniquely military. It is something which is prohibited, to our knowledge, throughout this country. The—we would also cite the Blanchard case, which is a COMA case, at 11 MJ 268. And specifically, it was different facts there, a different fact situation; but the holding of the court was that it was error to show the good performance of duty of a particular witness, because there is no relationship between his performance of duty and his credibility. We believe all of those things apply with regard to the good military character of the accused. And while the defense brings it up, your Honor, that would have been the second part of our motion. The motion in limine would also be not only to preclude the defense from putting in on the case on the merits evidence of good military character, we would also ask that they be precluded from putting evidence of opinion or reputation evidence as to the credibility or the character trait of the accused for truthfulness. First of all, until he testifies his credibility is not even in issue. And secondly, even if he does testify, it requires a specific attack by the government before they are permitted to bolster their credibility. We believe there is the significant possibility the defense will merely try to place evidence of the accused's character trait for truthfulness, truth and veracity, without any attack on his credibility whatsoever.

"MJ: Well, in regard to your latter statement, I am sure the defense is aware of the law and will not try to bolster the accused's credibility for truthfulness unless he in fact testifies and his credibility is attacked in some way, either pursuant to cross-examination or rebuttal evidence. Would that not be the case, Major Lowder? I don't think we need reach that issue at this point, do we?

"DC: Perhaps not. But the defense might feel that it would be appropriate to address at this point in time what the military judge might feel would trigger impeachment, thereby allowing—

"MJ: I can't—I can't do that, because there is such an enormous amount of hypotheticals out there that it's just not practical or reasonable for me to try to cover anything at this time that would trigger that requirement, except to reiterate what I have already said, that being that if I determine after your client testifies, assuming that he does, that the cross-examination or other evidence places his character for truthfulness in issue, I will at that point—if I do determine that, I will at that point allow you to present evidence either that a particular witness has an opinion of your client's truthfulness which is good, or that he is aware of your client's reputation for truthfulness, and that that is good. But I simply can't give you an indication as to what facts will trigger that.

"Now, as to the basic motion in limine I will not allow evidence of general good character to come in on the merits, so that motion is granted. And I have also indicated that I will not allow evidence of prior acts of misconduct on the part of Sergeant Harvey to come in with regard to drug usage under 608b. We are going to recess so that the defense can coalesce its argument regarding the admissibility of that type evidence regarding the sergeant under 608c. And then I am going to read the Article 32, Major Composto, pertaining to Sergeant Harvey's testimony about his prior incidents of nonjudicial punishment."

Defense counsel, later in the trial, renewed his motion to introduce evidence of appel-

lant's good military character but the trial judge denied this request.[1]

■ The record of trial clearly shows that the trial judge considered appellant's military character to be the equivalent of his general character and, therefore, inadmissible under Mil.R.Evid. 404(a)(1). On the basis of the drafter's analysis of this rule, this Court has rejected such an analogy and conclusion. *United States v. Piatt*, 17 M.J. 442, 445–46 (C.M.A. 1984). Moreover, in light of the drafter's analysis, this Court has also held that such a trait of character is pertinent within the meaning of Mil.R. Evid. 404(a)(1) where a serviceperson is charged with selling marihuana in violation of Navy Regulations. *United States v. Kahakauwila*, 19 M.J. 60, 62 (C.M.A. 1984). Therefore, for these reasons, the military judge erred in this case in ruling that evidence of appellant's good military character was not admissible on the merits.

The more difficult question in this case was whether appellant was prejudiced by the trial judge's exclusion of this character-trait evidence. This Court has not held that exclusion of such evidence is *per se* prejudicial simply because such evidence may create a reasonable doubt in some cases. *See United States v. Vandelinder*, 20 M.J. 41 (C.M.A. 1985). *Cf. United States v. Angelini*, 678 F.2d 380, 382 (1st Cir. 1982).

■ We now adopt the following four-pronged[2] analysis to test for prejudice:

First: Is the Government's case against the accused strong and conclusive?

*United States v. Lewis*, 482 F.2d 632, 644 (D.C. Cir 1973).

Second: Is the defense's theory of the case feeble or implausible? *United States v. Lewis, supra* at 646.

Third: What is the materiality of the proffered testimony? Is the question whether or not the accused was the type of person who would engage in the alleged criminal conduct fairly raised by the Government's theory of the case or by the defense? *Cf. Michelson v. United States*, 335 U.S. 469 [69 S.Ct. 213, 93 L.Ed. 168] (1948).[3]

Fourth: What is the quality of the proferred defense evidence and is there any substitute for it in the record of trial?

Since neither the trial judge nor the Court of Military Review had the benefit of this Court's holding in *United States v. Piatt, supra*, or our analysis of the proper test for prejudice, we conclude that it is appropriate for the Court of Military Review to now consider the issue of prejudice.

The decision of the United States Navy-Marine Corps Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for findings of fact and conclusions of law on whether appellant was prejudiced by this error.

Chief Judge EVERETT concurs.

Judge FLETCHER did not participate.

---

1. We are concerned in this case with the use of this character evidence as substantive evidence to prove that appellant did not commit the charged acts, not its use as evidence offered to bolster his credibility. *See McCormick's Handbook of the Law of Evidence* § 191 at 454 (E.Cleary 2d ed. 1972).

2. This test was articulated in part by Judge Fletcher in *United States v. Piatt*, 17 M.J. 442, 447 (C.M.A. 1984), which was decided after the Court of Military Review's decision in this case. *See United States v. Vandelinder*, 20 M.J. 41 (C.M.A. 1985) (Cox, J., concurring).

3. There are many trials where the character of the accused has no bearing on the contested issue. For example, in a drug case, the issue may well be whether or not the substance is an illegal one; in a case where there is a confession, the issue may well be whether or not the confession was properly obtained; or, in a case where the accused contests a search and seizure, the legality of the search may be the issue. In other words, this third-prong is merely a test for relevance and materiality. Mil.R.Evid. 401. *See United States v. Vandelinder, supra* (Cox, J., concurring).