UNITED STATES, Appellee,

v.

Foy E. WEAVER, Technical Sergeant
U.S. Air Force, Appellant.

No. 50,873.
ACM 24335.

U.S. Court of Military Appeals.

Feb. 17, 1986.

For Appellant: *Colonel Leo L. Sergi* and *Major Kathleen G. O'Reilly* (on brief); *Captain Deborah J. Hudspeth.*

For Appellee: *Colonel Kenneth R. Rengert* and *Major Robert E. Ferencik* (on brief).

COX, Judge:

Contrary to his pleas, appellant was convicted of one specification of larceny and two specifications of wrongful possession of drugs, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934, respectively. He contends that he was prejudiced by the military judge's failure to receive into evidence, prior to findings, two of his Airman Performance Reports (APRs). 19 M.J. 244. In our view, Judge Blommers, the military judge, was within his discretion in ruling that the reports were excludable as being cumulative of other evidence.

Appellant was the noncommissioned-officer-in-charge of the Recreational Supply Branch of the Base Morale, Welfare, and Recreation (MWR) Division. As such, he had access to a variety of recreational assets, such as camping and sports equipment. A search of appellant's quarters, pursuant to a valid authorization, revealed quantities of marihuana and cocaine, and numerous articles of MWR camping and skiing equipment. There was no record of appellant's having checked out the equipment. The Government contended appellant's possession of these MWR items was unlawful and with the intent permanently to deprive the Government of their use and benefit. Appellant contended that he acquired the MWR items for lawful purposes.

An aspect of the Government's theory was that appellant had deliberately messed up the MWR Supply records, of which he was the custodian, in order to cover his removal of the items. In an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session, trial counsel moved, *in limine*, to restrict certain defense character witnesses from testifying prior to findings about appellant's "general military character." In addition, the Government sought to prevent the introduction of two of appellant's most recent APRs. It is undisputed that both of the character witnesses, a Lieutenant Colonel and a Lieutenant, would have extolled appellant's "general military character." Further, in both APRs, appellant was ac-

corded outstanding ratings in every respect.

Our review of this issue is made considerably easier by Judge Blommers' commendable development of the record. In consonance with our opinion in *United States v. Clemons*, 16 M.J. 44 (C.M.A. 1983), the judge recognized that an accused's "character for lawfulness" was "a pertinent trait" within the meaning of Mil. R.Evid. 404(a)(1), Manual for Courts-Martial, United States, 1969 (Revised edition). Further, anticipating our decisions such as *United States v. Klein*, 20 M.J. 26 (C.M.A. 1985); *United States v. Weeks*, 20 M.J. 22 (C.M.A.1985); and *United States v. Piatt*, 17 M.J. 442 (C.M.A.1984), the judge realized that, inasmuch as the Government had placed appellant's duty performance in issue, appellant could introduce evidence of his excellent duty record to counter the Government's charge. Accordingly, both of the character witnesses were permitted to so testify.

However, the judge also recognized, and counsel conceded, that some of the aspects of what might be termed "general military character" did not relate to issues in the case; therefore, the scope of the witnesses' testimony was restricted somewhat. In addition, the judge noted that some portions of the APRs contained extraneous information, so he deferred final ruling on their admissibility until after the character testimony had been received. By that time, it was clear that the sum and substance of the relevant evidence sought to be introduced was already before the court-martial. Accordingly, the judge declined to receive the APRs on the basis of cumulativeness. *See* Mil.R.Evid. 403. We conclude that this judgment is well supported in the record.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT concurs.