UNITED STATES

v.

**Captain Charles W. COURT Jr., 450–82–8799 FR United States Air Force.**

**ACM 24200 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 20 Oct. 1983.
Decided 10 Sept. 1987.

Appellate Counsel for the Appellant: Mr. Jack B. Zimmerman and Mr. Clinard J. Hanby, Houston, Texas.  Colonel Leo L. Sergi and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Lieutenant Colonel Morris A. Tanner, Jr. and Major Kathryn I. Taylor.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

DECISION UPON FURTHER REVIEW

MICHALSKI, Judge:

The appellant was initially tried by a general court-martial with members.  He was charged with committing an indecent assault on BC, in violation of Article 134, U.C.M.J., 10 U.S.C. § 934, attempted rape of BC, in violation of Article 80, U.C.M.J., 10 U.S.C. § 880, (Charge II), and specifications alleging indecent assault and attempted rape under Article 133, U.C.M.J., 10 U.S.C. § 933, as conduct unbecoming an officer and a gentleman (Additional Charge).  Contrary to his pleas, he was found guilty of the two indecent assault specifications, and, by exceptions and substitutions, not guilty of attempted rape, but guilty of indecent assault, under both Articles 134 and 133, U.C.M.J.  His sentence as adjudged by the members was dismissal, confinement for six months, and total forfeitures.

Because the trial court erred in making exceptions and substitutions in reference to its findings on the Additional Charge, we

affirmed only so much of the findings of guilty of the Specification, Charge II and Specification 2 of the Additional Charge as found the appellant wrongfully committed indecent, lewd and lascivious acts with BC in violation of Article 134 and Article 133, U.C.M.J. We reassessed the sentence in light of the above action and found it nonetheless appropriate. *United States v. Court,* 18 M.J. 724 (A.F.C.M.R.1984).

Subsequently the United States Court of Military Appeals found that the specifications alleging indecent assault and committing indecent acts were multiplicious for findings with the specifications alleging conduct unbecoming an officer by committing the indecent assault and indecent acts, therefore the specifications under Article 134, U.C.M.J. (Charges I and II) could not coexist with those under Article 133, U.C.M.J. (Additional Charge). Consequently the findings of guilty thereon were set aside and those charges and specifications were dismissed. The case was remanded to us with direction to make findings of fact and conclusions of law on whether the appellant was prejudiced when he was denied the opportunity to present evidence of his good military character on the merits.[1] *United States v. Court,* 24 M.J. 11 (C.M.A. 1987).

Chief Judge Everett stated in his opinion, at 15, that the analysis for determining prejudice, as set forth by Judge Cox in *United States v. Weeks,* 20 M.J. 22 at 25 (C.M.A.1985), is:

> FIRST: Is the Government's case against the accused strong and conclusive?
>
> SECOND: Is the defense's theory of the case feeble or implausible?
>
> THIRD: What is the materiality of the proffered testimony? Is the question whether the accused was the type of person who would engage in the alleged criminal conduct fairly raised by the Government's theory of the case or the defense?
>
> FOURTH: What is the quality of the proffered defense evidence and is there

any substitute for it in the record of trial?

Since we have previously described the events that led to Captain Court's court-martial we will not repeat them here. *United States v. Court, supra.* In applying the facts of this case to the test for prejudice as outlined in *Weeks* we find:

FIRST: The government's case was strong and conclusive. It established a scenario that depicted the appellant pestering the victim, BC, throughout the evening by holding her, kissing her without her consent, and pulling her towards him despite her protestations. The victim and others testified that BC was crying uncontrollably when they saw her shortly after she escaped from the appellant. She suffered bruises to her shoulder, breast, and thigh as a result of her encounter with Captain Court.

SECOND: The defense's theory of the case is feeble. Appellant claims that because he experienced an alcoholic blackout he could not recall 90 percent of what happened and that, furthermore, the government's evidence was insufficient to prove its case. In spite of his professed alcoholic amnesia he recalls kissing BC, caressing her breasts, and remembers her removing his hand from her breasts. Notwithstanding his intoxication he was somehow able to drive his standard transmission station wagon over unfamiliar Okinawan roads at night for about 20–25 minutes back onto his base without incident. His defense teeters on appellant's professed clouded recall that BC consented to his advances. Her hysterical sobbing and expression of disbelief to her friends that appellant accosted her are difficult if not impossible to reconcile with the defense theory of consent.

THIRD: Appellant's outstanding military record, although relevant as far as it pertains to duty performance, is clearly outweighted when balanced against the overwhelming evidence of appellant's glaring public drunkenness, which was characterized as obnoxious and rowdy. He com-

---

1. Relying upon Mil.R.Evid. 404 and 405 the military judge granted the government's motion in limine to exclude evidence of the appellant's good military character during the findings portion of the trial.

pletely and repeatedly failed to conduct himself as an officer and a gentleman.

FOURTH: The purported aim of the military judge's ruling was the exclusion of evidence about the appellant's military proficiency and conduct as an officer. This ruling was, in all practicality, more honored in the breach than in the observance. Prior to findings several defense witnesses, all officers, testified in considerable detail about the appellant's military assignments, going back to the mid–1970's. They all attested to his good reputation for honesty and truthfulness, and his gentlemanly conduct with women. His former commander, a colonel, also spoke briefly of appellant's conduct as an officer, mentioning that he was an Air Staff Training Assignment (ASTRA) officer at the Pentagon, and that he held highly responsible positions when he worked for the colonel. Although appellant's citations to his military decorations and several character statements were only admitted prior to presentencing phase of the trial, the appellant's decorations were displayed on his uniform and thus were plainly visible for the trier of fact to see. We have no doubt in our minds that what the members heard and saw was more than an ample substitute for the proffered evidence.

We conclude that the appellant was not prejudiced by this evidentiary error. We have reassessed the sentence in light of this error. We have also considered the action by the United States Court of Military Appeals on the multiplicity error and are convinced that the adjudged sentence is nonetheless appropriate in relation to the modified findings of guilt and is no greater than that which would have been imposed if the above errors had not occurred. The findings of guilty, as modified, and the sentence are again

AFFIRMED.

Judge MURDOCK concurs.

Senior Judge FORAY absent.