**UNITED STATES, Appellee,**

v.

**Christopher B. MENGE, Airman First Class, U.S. Air Force, Appellant.**

No. 97–0876.
Crim.App. No. 32275.

U.S. Court of Appeals for
the Armed Forces.

Argued March 23, 1998.

Decided Sept. 14, 1998.

For Appellant: *Captain Harold M. Vaught* (argued); *Colonel Douglas H. Kohrt* and *Major Robert K. Coit*, USAFR (on brief); *Major Robin S. Wink* and *Major Ray T. Blank*.

For Appellee: *Major J. Robert Cantrall* (argued); *Colonel Brenda J. Hollis* and *Lieutenant Colonel Michael J. Breslin* (on brief); *Major Allen G. Erickson*.

*Opinion of the Court*

SULLIVAN, Judge:

On May 21 and 22, 1996, appellant was tried by a general court-martial composed of officer and enlisted members at Dover Air Force Base, Delaware. Contrary to his pleas, he was found guilty of wrongfully using lysergic acid diethylamide (LSD), wrongfully distributing LSD, and stealing a C–5 case drain filter assembly, in violation of Articles 112a and 121, Uniform Code of Military Justice, 10 USC §§ 912a and 921, respectively. He was sentenced to a bad-conduct discharge, confinement for 12 months, total forfeitures, and reduction to airman basic. On August 2, 1996, the convening authority approved the sentence as adjudged,

and the Court of Criminal Appeals affirmed on April 10, 1997, in an unpublished opinion.

On October 3, 1997, this Court granted review on the following issues of law:

I

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY FINDING NO PREJUDICE IN THE MILITARY JUDGE'S REFUSAL TO ALLOW DEFENSE COUNSEL TO ATTACK THE CREDIBILITY OF A WITNESS AGAINST APPELLANT BY ASKING HIM WHETHER HE HAD COMMITTED CREDIT CARD FRAUD.

II

WHETHER THE APPLICATION OF ARTICLES 57(a) AND 58b, UCMJ, VIOLATES THE *EX POST FACTO* CLAUSE OF THE UNITED STATES CONSTITUTION WITH RESPECT TO APPELLANT.

We hold that the military judge's error in restricting defense counsel's cross-examination of a prosecution witness was harmless beyond any doubt. *See United States v. Garcia*, 44 MJ 27, 32–33 (1996). As for the second granted issue, the sentence in this case is affirmed under the majority opinion of this Court in *United States v. Gorski*, 47 MJ 370 (1997); *cf. id.* at 376–77 (Sullivan, J., concurring in part and in the result).

The Court of Criminal Appeals, 1997 WL 184823, stated the following concerning the first granted issue:

The appellant and two other airmen, Broz[1] and Hyjurick, shared an apartment. Broz provided the AFOSI [Air Force Office of Special Investigations] a written statement admitting his own LSD use and implicating his roommates. The general court-martial convening authority imposed testimonial immunity on all three airmen, and each testified against the other two in their general courts-martial. The appellant's trial was the last of the three. Broz provided the bulk of the evidence against the appellant, and the issue we address relates to his cross-examination. According to the appellant, the military judge erred by refusing to permit the defense counsel to question Broz about his use of someone else's credit card as a matter relevant to his truthfulness.

The defense counsel explained to the military judge that a credit card in another person's name had been erroneously mailed to Broz's address, that he had no idea who the person was, that he had taken it to a mall and purchased items with it, and that he had then destroyed it.... The military judge was unmoved by the defense counsel's effort to distinguish the case from simple theft, and he sustained the trial counsel's objection without elaboration.

The judge erred in this ruling.... Despite the judge's error in excluding the evidence, we do not grant relief unless we find it materially prejudiced the appellant's substantial rights. Article 59(a), UCMJ. We find no prejudice here, because of the substantial impeachment evidence against Broz the defense counsel was able to place before the members, all of which Broz conceded to be true. This included lying in enlistment and security clearance documents about prior drug use and receiving three nonjudicial punishment actions for failure to go, bad checks, misuse of the Government American Express Card, and disobeying a superior commissioned officer. (Some of these arguably would *not* be pertinent to truthfulness, but references to them were not objected to by the trial counsel. *See United States v. Pruitt*, 43 MJ 864 (A.F.Ct.Crim.App.1996)). With these incidents of misconduct available for the members' use in testing Broz's truthfulness, we are persuaded that their knowledge of the credit card incident would not have changed the result in this case. The judge's error was harmless. *See United States v. Garcia*, 40 MJ 533 (AFCMR 1994), *aff'd* 44 MJ 27 (1996).

Unpub. op. at 1–3.

_____

■ The first granted issue asks this Court to review the Court of Criminal Ap-

---

1. The name is misspelled (Broze) in the opinion below.

peals' holding that appellant was not prejudiced by the military judge's erroneous limitation on his cross-examination of a government witness. *See Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). Normally, the legal nature of such an error, as constitutional or merely evidentiary, should first be determined by the reviewing appellate court. *Id.; see United States v. James,* 139 F.3d 709, 713 (9th Cir.1998); *United States v. Anderson,* 139 F.3d 291, 302 (1st Cir.1998). Then, using the appropriate standard of prejudice, the review court should consider this specific type of error in light of all the circumstances of the case. *Delaware v. Van Arsdall, supra; see Garcia,* 44 MJ at 32 n. 6. However, if the appellate court can say that exclusion of the evidence sought by the defense was harmless beyond a reasonable doubt, appellant's conviction can be affirmed regardless of the error's precise legal nature or basis. *Id.* at 32 (applying *United States v. Weeks,* 20 MJ 22, 25 (CMA 1985), factors measuring trial impact of error to determine no prejudice from constitutional or evidentiary-rule errors).

■ As a starting point, we note that the Government's case against appellant was strong. *See Weeks, supra* at 25 (first prong: nature of Government's case). Airman Basic Broz, who was the principal prosecution witness against appellant on the use-and-distribution-of-LSD specifications, was appellant's roommate and a fellow drug user. In addition, Airman Hyjurick, a second government witness and drug-using roommate of appellant, at least partially corroborated Broz's testimony that appellant took LSD packaged in tinfoil from the freezer in their apartment and made it available to Broz, Hyjurick, and Rosalyn, Hyjurick's girlfriend. Corroboration of Broz's testimony on LSD use in the apartment by a second witness significantly reduces the importance of impeachment evidence that Broz had previously engaged in credit-card fraud. *See United States v. Caldwell,* 88 F.3d 522, 525 (8th Cir.1996); *United States v. Hunter,* 982 F.Supp. 541, 547 (N.D.Ill.1997).

Secondly, substantial substitute evidence impeaching Airman Broz's character for truthfulness was admitted in this case through other cross-examination. *See generally Weeks, supra* at 25 (fourth prong: substitute evidence in record). The defense was permitted to question this witness and secure his admission to his prior nonjudicial punishment under Article 15, UCMJ, 10 USC § 815, for "misappropriation" of an American Express card 3 months prior to his testimony at this court-martial. The defense was also allowed to question Airman Broz and secure his admission to two other nonjudicial punishments which he received, including one for a bad-check offense. Lastly, the defense was allowed to cross-examine Airman Broz and secure his admission to his deliberate lies on his official enlistment and security clearance forms concerning his pre-service drug use. The members in this case had ample basis before them to conclude Airman Broz was predisposed to lie. *United States v. Jackson,* 882 F.2d 1444, 1447 (9th Cir.1989).

Thirdly, the record shows that the defense was provided ample opportunity to cross-examine Airman Broz about other non-character matters which suggested he was lying in this case. *See generally Weeks, supra* at 25 (third prong: materiality of evidence). Here, defense counsel was allowed to cross-examine Airman Broz about the fact that he had been ordered to testify in this case pursuant to a grant of some form of immunity. In addition, defense counsel was allowed to cross-examine Broz about his earlier court-martial for using LSD with appellant and the fact that the convening authority had not yet acted in his case. Lastly, defense counsel engaged in "extensive cross-examination" of Airman Broz concerning the numerous inconsistencies between his trial testimony concerning these drug offenses and his pretrial statement to AFOSI. *James,* 139 F.3d at 714; *cf. Van Arsdall,* 475 U.S. at 679, 106 S.Ct. 1431.

Finally, we conclude that the denied cross-examination evidence in this case would not have effectively advanced appellant's sole defense theory that the Government's witnesses should be disbelieved. *See Weeks,*

*supra* at 25 (second prong: value to defense case). His basic defense was that neither of his drug-using roommates should be believed about their joint drug conduct in their shared apartment. However, the denied cross-examination concerned an impeachment matter which impacted on only one of these roommates. Moreover, although relevant (*Jackson*, 882 F.2d at 1446; *United States v. Newman*, 849 F.2d 156, 163 (5th Cir.1988); *United States v. Leake*, 642 F.2d 715, 719 (4th Cir.1981) (fraudulent acquisitions of money or property constitute impeaching acts within meaning of Fed.R.Evid. 608)), this matter was cumulative of other evidence showing this witness' poor character for truthfulness. *See Jackson, supra* at 1447 (erroneous limitation on cross-examination of prosecution witness concerning his prior fraudulent acts, held harmless error where jury had evidence of still other fraudulent acts of witness before them). In these circumstances, there was no reasonable possibility that this additional character evidence would have persuaded the members to buy appellant's defense.

The decision of the United States Air Force Court of Criminal Appeals is affirmed. Collection of any forfeitures and execution of the reduction in grade prior to the date of the convening authority's action are hereby declared to be without legal effect. Any forfeitures already collected from appellant, and any pay and allowances withheld because of the premature reduction in grade, will be restored. The record of trial is returned to the Judge Advocate General of the Air Force for appropriate action.

Chief Judge COX and Judges CRAWFORD and RIPPLE [2] concur.

**2.** Judge Kenneth F. Ripple of the United States Court of Appeals for the Seventh Circuit, sitting

GIERKE, Judge (concurring in the result):

I disagree with the majority's assertion that the Government's case was strong. 48 MJ at 492. The Government had *no* physical evidence, no urinalysis, and no incriminating admissions from appellant. The prosecution relied on the contradictory testimony of two immunized and convicted drug users.

I also disagree with the majority's conclusion that Airman Hyjurick corroborated Broz's testimony. 48 MJ at 492. Broz testified that the LSD was in the "freezer, wrapped in aluminum foil." Hyjurick testified that a substance "was brought" into the apartment "in a small brown paper bag." He specifically denied the package was ever "in the freezer." Although he was "under the understanding" that the substance "was LSD," Hyjurick was unable to identify the substance as LSD because he did not consume any of it.

Finally, I disagree with any suggestion that the error in this case might be constitutional error. What is at issue is the military judge's refusal to allow a single question in an otherwise extensive impeachment of the prosecution witness. There is no constitutional error unless "material or vital defense evidence" is erroneously excluded. *United States v. Garcia*, 44 MJ 27, 31 (1996) (emphasis omitted).

I am satisfied, however, that if the military judge erred, the error was harmless, because the credit-card incident was cumulative with all the other evidence of Broz's unreliability. On that basis, I concur in the result.

by designation pursuant to Article 142(f), Uniform Code of Military Justice, 10 USC § 942(f).