IN THE CASE OF


UNITED STATES, Appellee

v.

Christopher R. GILBRIDE, Airman First Class
U.S. Air Force, Appellant

No. 01-0503

Crim. App. No. 33724

United States Court of Appeals for the Armed Forces

Argued November 27, 2001

Decided April 26, 2002

EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and GIERKE and BAKER, JJ., joined.  SULLIVAN,
S.J., filed an opinion concurring in the result.


Counsel


For Appellant:  Lieutenant Colonel Brandon A. Burnett (argued); Lieutenant
    Colonel Beverly B. Knott, Lieutenant Colonel Timothy W. Murphy, and Major
    Maria A. Fried (on brief); Colonel James R. Wise.


For Appellee:  Captain Peter J. Camp (argued); Colonel Anthony P. Dattilo,
    Major Lance B. Sigmon, and Major Cheryl D. Lewis  (on brief); Major Bryan
    T. Wheeler.




Military Judge:  J. Jeremiah Mahoney


THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer members convicted appellant, contrary to his pleas, of aggravated assault, in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 USC § 928. He was sentenced to a bad-conduct discharge, confinement for one year, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence but waived application of the automatic forfeitures in favor of an allotment for appellant's dependents. The Air Force Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

On appellant's petition, we granted review of the following issue:

> WHETHER THE MILITARY JUDGE ABUSED HIS
> DISCRETION IN DENYING THE DEFENSE REQUEST
> TO INTRODUCE THE WRITTEN PORTION OF
> APPELLANT'S INTERROGATION STATEMENT UNDER
> THE EVIDENTIARY RULE OF COMPLETENESS.

For the reasons set forth below, we affirm.

## I. BACKGROUND

The assault charge in the present case involved injuries to appellant's stepson, JB. The case arose when a doctor examining JB determined that he had a severe spiral fracture of the left femur and suspected that the injury had been

caused by child abuse. According to the physician, appellant told him that JB had been injured when he fell from the sofa, and that JB later walked unimpeded. The physician suspected child abuse because, in his view, the injury could only have been caused by twisting the leg, and the child would not have been capable of walking with such an injury.

Appellant, who was interviewed by agents of the Air Force Office of Special Investigations (AFOSI) as a suspect, waived his rights and responded to their questions. After relating differing versions of events, appellant stated that the injury occurred when he was trying to dress JB. Appellant stated that because JB was squirming and uncooperative, he grabbed JB's leg with both hands and twisted it to force the leg into JB's pants. Appellant told the agents that JB screamed in pain, so he knew that JB was hurt, but did not know the leg was broken. Using a demonstrative doll-like figure provided by the agents, appellant showed the agents how he had injured the child.

After finishing the verbal questions, the agents asked appellant to prepare a written statement. According to Agent Carrigan, who participated in the interrogation, the request for a written statement was a routine part of the interrogation process. Appellant's written statement was

substantially similar to his verbal responses to the interrogators, except for the following:

> I'm telling the truth when I say that I didn't mean to hurt [JB]. I couldn't ever imagine hurting a little child on purpose & I truly didn't mean to hurt him. I'm not some psychopath child beater, I didn't mean to hurt him, I just wanted to get his pants put back on him.

The entire interrogation, from the beginning of the inquiry through completion of appellant's written statement, spanned approximately six hours, with no significant break between the verbal and written statements.

At trial, Agent Carrigan, who testified as a prosecution witness, recounted the content of appellant's oral confession. Trial counsel deliberately avoided questions concerning the written statement. At the close of the direct examination, the prosecution requested a session under Article 39(a), UCMJ, 10 USC § 839(a), where trial counsel sought to preclude any attempt by the defense to introduce the written statement on the grounds that it constituted inadmissible hearsay. Defense counsel urged admission under the rule of completeness embodied in Mil. R. Evid. 106 and 304(h)(2), Manual for Courts-Martial, United States (2000 ed.).[*] The military judge ruled that the written statement was not admissible under either rule, concluding that

---

[*] These Manual provisions are identical to the ones in effect at the time of appellant's court-martial.

4

it constituted exculpatory hearsay and that it was not needed to complete the oral statement. The military judge indicated that he would reconsider his decision if the written statement later became admissible for some other purpose.

Later in the prosecution's case, the Government presented an expert witness, Dr. Hymel, who testified regarding the possible causes of JB's injuries. During cross-examination, defense counsel inquired as to whether Dr. Hymel, in the course of his analysis, had considered the exculpatory remarks in appellant's written statement. When the doctor acknowledged that he had considered appellant's written statement, the military judge permitted defense counsel to introduce evidence of appellant's written exculpatory statement disclaiming intent to hurt JB.

In his closing argument, defense counsel forcefully argued lack of intent. The members acquitted appellant of intentionally inflicting grievous bodily harm on a child under sixteen years of age, but found him guilty of the lesser-included offense of aggravated assault.

## II. DISCUSSION

Mil. R. Evid. 304(h)(2) is a longstanding rule of completeness pertaining to confessions introduced against an

accused.  As we noted in United States v. Rodriguez, 56 MJ 336,

341-42 (2002), the rule

> (1) applies to oral as well as written
> statements; (2) governs the timing under
> which applicable evidence may be introduced
> by the defense; (3) permits the defense to
> introduce the remainder of a statement to
> the extent that the remaining matter is part
> of the confession or admission or otherwise
> is explanatory of or in any way relevant to
> the confession or admission, even if such
> remaining portions would otherwise
> constitute inadmissible hearsay; and (4)
> requires a case-by-case determination as to
> whether a series of statements should be
> treated as part of the original confession
> or admission or as a separate transaction or
> course of action for purposes of the rule.

See also United States v. Harvey, 8 USCMA 538, 25 CMR 42 (1957).

When an oral statement and a written confession are involved,

the issue is "whether the accused's written statement is

separate and unrelated from the oral confession, or whether it

is part of or the product of the same transaction or course of

action."  Id. at 546, 25 CMR at 50.

We review a military judge's evidentiary rulings for an

abuse of discretion.  United States v. Ayala, 43 MJ 296 (1995).

A military judge abuses his or her discretion by making findings

of fact that are clearly erroneous or reaching conclusions of

law that are incorrect.  Id. at 298.

In the present case, the AFOSI interrogating agents

promptly followed their oral questioning of appellant with a

request that he make a written statement as part of the routine interrogation process. The statement, which was prepared shortly after the verbal interrogation, covered the same subject matter as the immediately preceding oral confession. Under these circumstances, we conclude that the written statement was made as part of the same transaction or course of action as the oral statement. As a result, the military judge erred in denying appellant's request to introduce the exculpatory remarks from his written statement under the rule of completeness in Rule 304(h)(2).

We test the error to determine whether it materially prejudiced the substantial rights of appellant under Article 59(a), UCMJ, 10 USC § 859(a). In the present case, the error was harmless. Although the military judge initially rejected defense counsel's completeness argument, he subsequently permitted the defense to introduce appellant's exculpatory statement during the prosecution's case because it had been relied upon by the Government's expert witness, Dr. Hymel. Also, defense counsel was able to effectively argue that appellant did not have the requisite intent for the offense of intentional infliction of grievous bodily harm, as demonstrated by the fact that the members acquitted appellant on that charge, convicting him only of the lesser-included offense of aggravated assault.

United States v. Gilbride, No. 01-0503/AF

This is not a case in which timing or other considerations created circumstances in which the damage from the error in applying the completeness doctrine was irreparable. See Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 171-72 n. 14 (1988). We hold that, under the circumstances of this case, any prejudice from the military judge's erroneous exclusion of the evidence was cured when the court-martial acquitted appellant of the specific-intent offense.

## III. CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Gilbride, No. 01-0503/AF

SULLIVAN, Senior Judge (concurring in the result):

I agree that Mil.R.Evid. 106 is not at issue in this case. See United States v. Rodriguez, 56 MJ 336, 343 (2002) (Sullivan, S. J., concurring in part and in the result); United States v. Goldwire, 55 MJ 139, 147 (2001) (Sullivan, J., concurring in the result). It applies only when a writing or recorded statement is introduced at trial. See United States v. Ramirez-Perez, 166 F.3d 1106, 1112-13 (11th Cir. 1999). The Government in this case only evidenced appellant's oral admission and confessions to police officers and, accordingly, Mil.R.Evid. 304(h)(2) is the pertinent evidentiary rule.

Mil.R.Evid. 304(h)(2) states:

> (2) Completeness. If only part of an alleged admission or confession is introduced against the accused, the defense, by cross-examination or otherwise, may introduce the remaining portions of the statement.

Here, appellant seeks the admission of his written statement completed and signed some three hours after his earlier oral confessions to police. (R. 112, 122) Whether this written statement, with its exculpatory assertion of an innocent intent, was a "remaining portion" of his earlier oral statements was a question for the trial judge's discretion. Appellant's written statement, unlike his earlier oral admissions and confessions, was prepared entirely by himself. In addition, the separation in time between these statements, and the difference in form,

United States v. Gilbride, No. 01-0503/AF

suggest to me that the military judge did not abuse his discretion in holding these were separate statements. See United States v. Rodriguez, supra.

However, I concur with the majority that, even if error occurred, exclusion of the statement was harmless. See Article 59(a), Uniform Code of Military Justice, 10 USC § 859(a). The excluded written statement asserted that appellant did not intend to harm his stepson, the alleged victim in this case. This same statement, however, was later evidenced at this court-martial under another evidentiary rule. Moreover, the members found appellant guilty of an assault with a dangerous weapon and acquitted him of the greater offense of intentionally inflicting grievous bodily harm on the young boy. Therefore, I conclude that the military judge's ruling did not materially prejudice appellant.