# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class STANLEY S. JNBAPTISTE**
**United States Army, Appellant**

ARMY 20121113

Headquarters, Seventh U.S. Army Multinational Training Command
Joshua S. Shuey, Military Judge
Colonel David E. Mendelson, Staff Judge Advocate

For Appellant:  Frank J. Spinner, Esquire (argued); Frank J. Spinner, Esquire; Captain Michael Millios, JA (on brief and reply brief).

For Appellee:  Captain Jihan Walker, JA  (argued); Colonel John P. Carrell, JA; Major John K. Choike, JA; Captain Jihan Walker, JA (on brief).

14 April 2015

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

A panel composed of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of attempted sodomy of a child under 12 years of age, one specification of indecent liberties with a child, and one specification of sodomy with a child under the age of 12 years, in violation of Articles 80, 120 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920, 925 (2012) [hereinafter UCMJ].  The panel sentenced appellant to a dishonorable discharge, confinement for twenty years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement for twenty years, and reduction to the grade of E-1.

This case is before us for review under Article 66, UCMJ.  Appellant raises three assignments of error, one of which requires discussion but no relief.  We also

find that the matters raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are without merit.

## BACKGROUND

Appellant was convicted of anally sodomizing his 11-year old step-daughter, DH, between 1 February and 31 March 2009, while stationed in Germany with his family.[1] During the same time frame, but on different occasions, appellant attempted unsuccessfully to sodomize DH and also showed her pornographic material while lying naked in his bed with her. At some point after these acts occurred, DH told appellant she did not wish to engage in further sexual acts with him. Appellant agreed to stop, and he instructed DH not to disclose what they had done.

In July 2011, when DH was 14 years old, she disclosed to her mother, who was married to appellant at the time, that appellant had sexually molested her. Within the hour, DH's mother confronted appellant and asked him if he touched DH. As explained in greater detail below, the government did not elicit appellant's answer. DH's mother demanded appellant leave the house immediately, which he did.

After DH's disclosure to her mother, DH was taken to a doctor for an examination where DH tested positive for the herpes simplex virus 2 in her anal and genital region. A review of DH's medical records from Germany uncovered DH had previously tested positive for the Herpes virus in April 2009 when she presented to a physician with bumps around her genital and anal opening. The results of the German doctor's test were not disclosed to DH's mother until the 2011 medical records review. Both parents also tested positive for the virus. The government contended at trial that appellant transmitted the virus to DH during his sexual encounters with her in early 2009. Appellant asserted the acts with DH did not occur.

On appeal, appellant now argues the military judge erred by sustaining a prosecution objection during the defense cross-examination of DH's mother when defense sought to elicit appellant's denial of the accusation that he touched DH. The relevant direct and cross-examination of DH's mother occurred as follows, respectively:

---

[1] DH testified that appellant took lubricant out of his nightstand and placed it on his penis before sodomizing her. DH's mother corroborated this testimony by confirming that she kept lubricant in her nightstand.

TC:  Did you ask [appellant] anything directly?

WIT:  I did

TC:  And what did you ask him?

WIT: I asked him, had he touched [the witness continued to cry] [DH].

TC:  After this conversation with the accused did you demand anything?

WIT:  Yes, that he leave the house.

TC:  And did he?

WIT:  He did.

. . . .

CDC:  You talked a little bit about your confrontation with [appellant] after you learned of this reporting from your daughter, okay?

WIT:  Yes

CDC:  And you were really upset - - - -

WIT:  Yes

CDC: Naturally?  And you confronted him?

WIT: Yes

CDC:  He denied it - - - -

TC:  Objection.

CDC:  - - - - didn't he?

MJ:  Counsel?"

CDC:  Yes, your honor, completeness and excited utterance.

MJ:  No. Sustained.

> CDC: As to completeness, Your Honor. I want to make sure I am being clear. Counsel elicited an entire exchange and omitted one sentence.

> MJ: Did the accused *say anything* during his exchange under direct? I didn't catch that he did. (emphasis added)

> CDC: Your Honor, just to be fair, and if I'm incorrect you can add things. What was said was "Did you confront him?" "Yes." "You were upset?" "Yes." "You had a conversation about it?" And then he moved right past his response. He didn't elicit it.

After hearing arguments from both the defense and prosecution outside the presence of the panel, the military judge did not allow the defense to elicit the appellant's denial when confronted by DH's mother about her allegations. The military judge did, however, craft and provide the following instruction to the panel:

> The testimony when the trial counsel was on direct examination may have left you with the impression that when the witness confronted the accused about whether or not he had touched [DH] that the accused either said nothing or failed to deny the accusation when one would normally expect such a denial. That's not the testimony and you should not consider that to be the case.

When asked by the military judge if that curative instruction was adequate, civilian defense counsel answered, "Yes, Your Honor."

## LAW AND DISCUSSION

"We review a military judge's evidentiary rulings for an abuse of discretion." *United States v. Gilbride*, 56 M.J. 428, 430 (C.A.A.F. 2002) (citing *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995)). "A military judge commits an abuse of discretion by making findings of fact that are clearly erroneous or reaching conclusions of law that are incorrect." *Id.* (citation omitted). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010) (citations omitted) (internal quotation marks omitted).

Military Rule of Evidence [hereinafter Mil. R. Evid.] 304(h)(2) provides: "If only part of an alleged admission or confession is introduced against the accused,

the defense, by cross-examination or otherwise, may introduce the remaining portions of the statement."[2]

The rule of completeness has two purposes. The first is to ensure "that the court not be misled because *portions of a statement* are taken out of context" and the second is to avoid "the danger that an *out-of-context statement* may create such prejudice that it is impossible to repair by a subsequent presentation of additional material." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171-72 n.14 (1988) (emphasis added) (describing the common law rule of completeness); *see also United States v. Benton*, 54 M.J. 717 (Army Ct. Crim. App. 2001)("Mil. R. Evid. 304(h)(2) is, manifestly, a rule of admissibility."), *aff'd*, 57 M.J. 24 (C.A.A.F. 2002); *United States v. Rodriguez*, 56 M.J. 336, 339-42 (C.A.A.F. 2002) (discussing both rules of completeness in the Military Rules of Evidence: Mil. R. Evid. 106 and Mil. R. Evid. 304(h)(2)).

Once the government introduces a portion of an accused's statement, the rule "permits the defense to introduce the remainder of a statement to the extent that the remaining matter is part of the confession or admission or otherwise is explanatory of or in any way relevant to the confession or admission, even if such remaining portions would otherwise constitute inadmissible hearsay." *Rodriguez*, 56 M.J. at 342. The rule requires a case-by-case determination as to whether a *series of statements* should be treated as part of the original *confession or admission*, or as a separate transaction or course of action for purposes of the rule. *Id*. (emphasis added)

In this case, we reject the government's concession that a "rule of completeness" error occurred. We find Mil.R.Evid. 304(h)(2) inapplicable under these circumstances. We do not agree there was a statement by appellant before the court which required clarity or completion. The prosecution was careful to not elicit what words, if any, appellant may have uttered to DH's mother. There is no "remaining portion" of appellant's statement or confession to be completed. To the contrary, the only reason the evidence that the conversation took place at all was to reveal the events that occurred as a result of the conversation.

We further reject the government's concession and expansion of the rule of completeness that an inappropriate "inference of admission by silence" was created by not allowing the witness to testify to appellant's disavowal of the accusations. One might draw any number of inferences regarding what appellant did or did not say in response to being asked if he touched DH. Appellant could have denied the

---

[2] The relevant rule is now Mil. R. Evid. 304(h). *See* Exec. Order 13,643 78 Fed. Reg. 29,565 (May 21, 2013). The text of the rule has not changed.

allegation, confessed, or remained silent. No single inference bears any more weight than others here. The military judge's instruction here, however, precluded the panel from drawing the inference that appellant failed to deny the accusation or otherwise stayed silent. *See United States v. Collier*, 67 M.J. 347, 355 (C.A.A.F. 2009) ("Members are presumed to follow a military judge's instructions to consider evidence for a proper purpose . . .").

Rule 304(h)(2) is designed to protect an accused from the prosecution's misleading use of excerpts of admissions or confessions. It does not permit an accused to justify the introduction of otherwise inadmissible self-serving hearsay. "The rule of completeness is neither a sword which the accused might introduce evidence to avoid the crucible of cross-examination, nor a shield behind which the true nature of an accused's admissions may be hidden." *United States v. Foisey*, 69 M.J. 562, 567 (N.M. Ct. Crim. App. 2010). Here, introducing this evidence under the rule of completeness would permit appellant to trumpet his repudiation before the members while conveniently avoiding the crucible of cross-examination.

In *United States v. Harvey*, 8 U.S.C.M.A. 538, 25 C.M.R. 42 (1957), our superior court emphasized the fairness component of the rule of completeness. "It would be manifestly unfair to an accused to permit the prosecution to pick out the incriminating words in the statement or discussion and put them in evidence while at the same time excluding the remainder of the statement or conversation, in which the accused seeks to explain the incriminating passages." *Id*. at 546, 25 C.M.R. at 50. In our view, fairness did not require that the military judge allow the defense to admit evidence of appellant's denial in this case. The military judge had a sound basis to refuse admission of appellant's denial under this evidentiary rule.[3]

---

[3] Similarly, in *Rodriguez*, our superior court stated, "the defense sought to introduce appellant's sixth and seventh statements as the basis for contending that his wife's killing was accidental. The Government's trial strategy, which did not involve introduction of those statements as part of its case-in-chief, thwarted that plan. As a result, the defense had to choose between putting appellant on the stand, which would have subjected him 'to the crucible of cross-examination,' *United States v. Stark*, 24 M.J. 381, 385 (C.M.A. 1987), or forgoing use of the statements. The rule of completeness is an evidentiary rule designed to promote fairness by precluding unfair omissions, not a rule intended to allow an accused to avoid the 'crucible of cross-examination.'" 56 M.J. at 342-43 (citations omitted).

*Harmless Error*

Even if we had found the military judge erred in refusing to admit appellant's refutation into evidence, thereby creating a "false impression that appellant remained silent," we find it to be harmless.

Because the ruling did not deprive the appellant of a defense, the error was not of constitutional dimensions. *See United States v. Garcia*, 44 M.J. 27, 31 (C.A.A.F. 1996) ("To establish constitutional error, exclusion of *material* or vital defense evidence must usually be shown.") (citations omitted). The test for non-constitutional error is "'whether the error itself had [a] substantial influence'" on the findings. *United States v. Armstrong*, 53 M.J. 76, 81 (C.A.A.F. 2000) (citations omitted). We "evaluate prejudice from an erroneous evidentiary ruling by weighing: (1) the strength of the Government's case, (2) the strength of the defense case, (3) the materiality of the evidence in question, and (4) the quality of the evidence in question." *United States v. Kerr*, 51 M.J. 401, 405 (C.A.A.F. 1999) (citing *United States v. Weeks*, 20 M.J. 22, 25 (C.M.A. 1985)). This test is used for erroneous exclusion of defense evidence. *Id*. (citations omitted).

The government's case regarding the anal sodomy incidents and the indecent conduct related to the pornography was strong. The 11-year-old DH tested positive for genital and anal herpes, which corroborated her testimony against appellant. Appellant also tested positive for herpes. DH's testimony regarding appellant's use of lubricant was corroborated by her mother's testimony about keeping lubricant in her nightstand. Had appellant's denial to his spouse been admitted, the relative strength of the government's case would not have been significantly altered. The defense attacked the credibility of DH by noting prior inconsistent statements regarding the timing and location of the offenses and posited DH contracted the herpes virus from a source other than appellant. Further, nothing prevented appellant from presenting his defense that the abuse had not occurred. We can say "with fair assurance" that the absence of appellant's denial did not "substantially sway[]" the panel. *Kotteakos v. United States*, 328 U.S. 750, 765 (1946).

Lastly, we also take notice of the military judge's curative instruction. The defense complains that the panel may have drawn the inference that appellant remained silent in the face of DH's mother's questions and that silence should be interpreted as a statement which needs completion. The military judge instructed the panel they should not consider that to be the case because it was not the evidence before them. A panel is presumed to follow a military judge's instructions. *Collier*, 67 M.J. at 355

Having no doubts about the impact of the excluded evidence on the results of trial, we conclude appellant suffered no material prejudice to his substantial rights from the exclusion of evidence.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence as approved by the convening authority are AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court